## NEDIMYER v. PENNSYLVANIA R. R. CO.
### No. 5479.

District Court, E. D. Pennsylvania.
Sept. 25, 1946.

B. Nathaniel Richter, of Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price, Smith & Clark, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is one of a group of nineteen cases, all for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The opinion and rulings in this case may be taken as applying to the entire group.

In each case the plaintiff has filed a motion for production of certain documents, under Federal Rules of Civil Procedure, rule 34, 28 U.S.C.A. following section 723c, and has also filed interrogatories under Rule 33, asking that copies of the same documents be attached to the defendant's answers. The plaintiff's motion under Rule 34 calls for the production of a copy of the document sought but, inasmuch as his interrogatories also ask for a copy, it is agreed that the motions under Rule 34 may be considered as amended so as to ask for the original documents in question, and that the request for copies under Rule 33 be considered as an alternative request.

A number of these cases will be on the next trial list and the points involved should be promptly disposed of but, inasmuch as a review of Hickman v. Taylor, 153 F.2d 212, granted by the Supreme Court, 66 S.Ct. 1337, will probably cover important and fundamental questions relating to the scope of discovery under the Rules, an exhaustive opinion by this Court would be out of place. Until the Supreme Court has spoken, Hickman v. Taylor, supra, governs.

The documents asked for in the entire group of cases fall into five classes, (1) statements made by the plaintiff himself containing his account of the accident, taken and reduced to writing by the defendant, (2) statements of witnesses, also taken by the defendant and reduced to writing, (3) similar written statements of witnesses whose depositions, however, have been taken by the plaintiff, under Rule 26, (4) reports concerning machinery or other instrumentalities involved in the accident and accident reports made to the defendant by its agents in the course of routine investigations and (5) medical reports.

■ From the fact that the point is not raised in the defendant's answers, it is assumed that the statements were not taken by the defendant's attorney or attorneys. Hence, they are not protected by the privilege which has been accorded to statements taken by or under the supervision of a lawyer, by virtue of the construction given Rules 26 and 33 by the Circuit Court of Appeals in Hickman v. Taylor, supra. Whether that privilege is broad enough to extend to the statements of the opposing party himself need not, therefore, be decided. It is also, I believe, the admitted fact that all the statements involved were taken within a comparatively short time after the accident.

■ The defendant objects to the practice of requesting a copy of a witness's or party's statement in answer to an interrogatory, but I think that point is foreclosed against it. In Hickman v. Taylor, supra, copies of statements of witnesses were called for in answer to interrogatories directed to the defendants under Rule 33 and, under Rule 26 (as the Circuit Court of Appeals concluded) to the lawyer who obtained the statements. The order of this Court was reversed upon the ground that the statements had been taken by a lawyer and were consequently privileged under the Rules—a question which would not have arisen had the Court felt that Rules 26 and 33 did not permit requests for copies of documents in answer to interrogatories. The propriety of that practice was not questioned.

■ In Hickman v. Taylor, supra [153 F.2d 216], the Circuit Court of Appeals quoted the following statement of general discovery principles from the opinion of this Court: " 'Unless, under the circumstances of any particular case, the Court is satisfied that the administration of justice will be in some way impeded, discovery will be granted when asked' ", and added, "We think this is the proper approach to the exercise of discretion under Rule 33."

■ Taking up first the plaintiff's request for the production of a copy of his own statement, under Rule 33. Here, I refer to another quotation found in the Hickman opinion. " 'The purpose (of discovery under the Rules) is not only to facilitate the obtaining of evidence for use at the trial, but also to reduce the element of suprise to a minimum * * *' ", Justice Holtzoff's treatise on Federal Procedure under the Rules.

Here is a situation where it is plain that the defendant can gain nothing except the advantage of surprise by withholding the statement asked for. It is, of course, easy to say that the plaintiff knows what the facts of the accident were and what he said in his statement, but the accident occurred some three years ago and the statement requested was taken shortly thereafter. Whatever recollection of it the plaintiff may have, it is certain that he cannot carry in his mind, word for word, exactly what the statement shows he said. Words are susceptible of many shades of meaning and when the defendant, at the trial, produces the statement for cross-examination or offers it as containing an admission, the plaintiff may unexpectedly find that, as written down, it admits of a construction which he never intended. The precise words used, the phraseology, and the descriptive and technical terms applied to machinery, structures, places, etc., may well turn out to be critical.

The statement was in all probability phrased by the defendant's agent who wrote it down and it will be carefully studied by the defendant's attorney when he prepares his case. To the plaintiff it is, to all practical intents and purposes, unknown—at best, only vaguely remembered. He may be perfectly honest and yet his statement, unless fairly and adequately explained, may be damaging.

■ " 'The guiding principle is the broad conception of the Rules that discovery of all matters relevant to a suit should be allowed to the fullest extent consistent with the orderly and efficient functioning of the judicial process.' " This excerpt from the District Court's opinion was quoted by the Circuit Court of Appeals in Hickman v. Taylor, supra, and the whole tenor of that Court's opinion shows that that Court was in accord with the principle stated. Only upon the assumption that the plaintiff is dishonest and is going to testify

falsely can justice be promoted by withholding the statement from him and so according to the defendant the advantage of surprise. I do not make that assumption, and I think that the plaintiff should be allowed to have his statement before he goes on the stand. I conclude, therefore, that a copy should be given to him in answer to his interrogatory under Rule 33.

■ Under Rule 34, in order to obtain the original of any document, the moving party must show good cause. The plaintiff has not alleged or suggested in this case that he has grounds to believe that his statement has been fraudulently altered— an example of an averment which would certainly constitute good cause. Whether the fact that the statement was given so long ago that the plaintiff can have no accurate recollection of what he said presents a situation which in itself sufficiently shows good cause need not be decided, because at the argument the plaintiff stated that if a copy of the statement was attached to the defendant's answer to the interrogatory under Rule 33, he would be entirely satisfied. I therefore do not make any ruling upon the motion under Rule 34 asking for the production of the original of the plaintiff's own statement.

■ Turning now to the statements of witnesses, these are obviously necessary for the preparation of the plaintiff's case for trial and the practice of requiring their production is of such long standing that there need be no discussion of it. The defendant urges that there is additional ground for denying the plaintiff's requests for the statements of those witnesses who have already given their depositions to the plaintiff. It is true that witnesses are not entitled to the protection of these rules to the same extent as the parties but the plaintiff may well wish to examine these statements in order to determine whether the information elicited upon deposition corresponds with the fresher recollections given to the defendant shortly after the accident occurred. As a practical matter, it may be pointed out that to lay down a rule refusing the plaintiff the privilege of seeing the statements of witnesses after he has taken their depositions would be of no value, since it could always be avoided by merely filing the interrogatory before the deposition is taken. I hold that copies of the statements of witnesses to the accident must be produced under Rule 33 whether the plaintiff has the depositions of the witnesses or not.

■ What I have said about good cause under Rule 34 in connection with the plaintiff's own statement does not apply to these statements of witnesses. They are not parties to the case and there is no particular reason why the plaintiff should have inspection of their original statements, unless he has grounds to believe that they have been tampered with, which he does not assert. The motion under Rule 34 for the production of witnesses' statements will be denied.

■ As to the reports concerning machinery or other instrumentalities involved in the accident and the routine accident reports, I will merely state that such reports have always been subject to production and they must be produced. Inasmuch as the plaintiff has not alleged good cause for the production of the original of these documents, a copy attached to the defendant's answer to the plaintiff's interrogatory under Rule 33 will be sufficient.

■ Reports of medical examinations are, of course, fully available and must be produced under Rule 35. The mere fact that the plaintiff waived the requirement of an order of the Court does not affect his right to receive a copy of the medical report.

■ Although I have either not ruled upon the motions under Rule 34 or have indicated that I would deny them, there is no reason to compel the defendant to go to the trouble of making copies of all these various documents in order to attach them to its interrogatories. Therefore, if the defendant chooses to waive its objections and voluntarily comply with the motions under Rule 34, it may produce the original of any of the documents and permit the plaintiff to inspect the same and make his own copies. If it does so, that will be considered by the Court as full compliance with requests under Rule 33.

Orders may be submitted in the companion cases in accordance with this opinion.