## HEN–RAY FOOD MARKETS, Inc. v. GREAT AMERICAN INDEMNITY CO.

### No. 8396.

United States District Court
E. D. Pennsylvania.

Feb. 1, 1949.

Harry Norman Ball, of Philadelphia, Pa., for plaintiff.

Axelroth & Porteous, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a motion under Federal Rules of Civil Procedure, Rule 34, 28 U.S.C.A., to inspect certain documents and reports.. It is opposed on the ground that the motion is not made in good faith, but is actually intended to "circumvent the administration of justice and * * * impede the defendant in the proper presentation of its defense." Briefly, the facts are these: Plaintiff's action is a suit on an insurance policy for two burglary losses. Defendant set up three defenses in its answer, two of them irrelevant on this motion. The third defense alleged that the first burglary was committed by connivance of plaintiff's officers and agents. About four months later, plaintiff filed the instant motion for permission to inspect certain statements, memoranda and reports within defendant's control. In an answer to this motion, sworn to by its attorney, defendant makes serious charges of bad faith. Specifically, it avers that information unearthed by its private investigations discloses the first burglary as a prearranged affair, and the names of the persons acting in plaintiff's behalf who arranged and committed it. Defendant further alleges that plaintiff corporation is. controlled by persons who are criminals

and that if the identities of the people who connived and committed the burglary are disclosed to plaintiff, these persons "are likely to be influenced and overreached or taken or sent beyond the jurisdiction" of the Court before trial. In support of this charge, the affidavit states that a named person had been demanding from plaintiff his fee for committing the burglary, that the assistant manager of plaintiff corporation had this person arrested, that he was later indicted, but that the assistant manager wilfully failed to appear to testify against him when the case came to trial. The affidavit further states that plaintiff's president was convicted and sentenced in March, 1947, to a term of imprisonment for receiving stolen goods. The affidavit goes on to state further reasons to support its view that plaintiff has an improper purpose in pressing the motion. Plaintiff has offered no counter-affidavit, nor denied in oral argument and in brief the facts from which defendant draws his conclusion that the motion is made in bad faith. Plaintiff does point out that defendant contents itself with a request for a blanket denial of plaintiff's motion, rather than asking for some kind of protective order under Rule 30(b).

■ The motion, therefore, presents an unusual situation, which might be disposed of without tackling the problem head on. Thus, it is at least questionable whether plaintiff has shown good cause under Rule 34 to justify inspection of these original documents. Cf. Nedimyer v. Pennsylvania Railroad Co., D.C., 6 F.R.D. 21. In addition, as to reports of accountants, there might be an issue as to the scope of discovery of an opposing party's expert witness. But decision on these grounds would only postpone resolving the basic issue. Plaintiff actually wants to know the facts upon which defendant bases its defense. There is no question that as a general proposition it is entitled to this information. Moreover, under the practice in this District, in conjunction with permissible interrogatories, it is entitled, without showing good cause, to copies of statements of witnesses, if they were not obtained by defendant's counsel. Cf. Commentary, Obtaining Copies of Documents by Interroga-

tories, 10 Federal Rules Service page 1039. Denying this motion for failure to show good cause without taking some further action would only postpone the problem until plaintiff filed interrogatories under Rule 33. Therefore, the issue should be met and Rule 30(b), I feel, authorizes the means to do so.

■ Under that Rule, which is now specifically applicable to the procedure under Rules 33 and 34, the court "may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." Defendant claims that disclosure of the names of those implicated in the crime would enable plaintiff to induce them to leave the jurisdiction or change their stories. Under the Rules, defendant is entitled to take the deposition of all those potential witnesses about whom it entertains such fears. Should they then absent themselves from the jurisdiction, Rule 26 provides for the introduction of such testimony at trial. Defendant can take steps to compel attendance at a deposition just as he can to compel attendance at the trial. As a matter of fact, if the information defendant has is accurate, and the police authorities have been informed, at least some of defendant's potential witnesses should be in custody. There would be no problem of their fleeing the jurisdiction then. The possibility of subornation of perjury will remain, of course. But if defendant's charges are true, clearly plaintiff knows the names of those wrongdoers with whom it, or its agents, dealt. Therefore, it can probably accomplish this result whether defendant ultimately makes disclosure or not. In any event, I feel that the sanctions of the criminal law are as sufficient a deterrent in this, as in any other, case.

Consequently, I can see no compelling reason why defendant should be able to resist discovery as to the facts of its defense until the time of trial, as, it wishes to do. However, I feel that it should at least have an opportunity to take the deposition of witnesses for the purpose of perpetuating their testimony. Counsel for plaintiff has indicated that there would be no objection to some sort of protective order under Rule 30(b) as long as plaintiff

can eventually get the facts it seeks well before trial. Therefore, I shall deny the motion under Rule 34 for production of certain documents at this time without prejudice to plaintiff's right to obtain the facts it seeks under this or any of the other methods of discovery procedure thirty days from the date of the order. In the meantime, defendant may take steps to obtain the depositions of those witnesses it fears may be induced to leave the jurisdiction.