## JOHNSON v. QUEEN CITY COACH CO.
### Civ. A. No. 561.

United States District Court
E. D. Tennessee, N. E. D.
Jan. 4, 1950.

Penn, Hunter, Smith & Davis, Kingsport, Tenn., for the plaintiff.

Simmonds & Bowman, Johnson City, Tenn., for the defendant.

DARR, Chief Judge.

This case is submitted on objections to interrogatories directed by the plaintiff to the defendant under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Interrogatories originally filed on October 11, 1949, to which objections were filed on October 19, 1949, were withdrawn and those presently involved were filed November 9, 1949, with a motion for a shortening of the time to ten days for answer. This motion has been heretofore orally overruled, and permission given to treat the objections which were filed to the original interrogatories as if filed to those later filed.

The interrogatories presently involved request the names and/or identities and addresses or location of the occupants of the bus involved in the accident; of other persons who were witness to the accident; of those persons who saw the location of the bus and plaintiff's automobile, the skid marks, glass or debris on the highway at the scene of the accident. It asks also for the weight of the bus involved in the accident.

Objections are based on the ground that confidential matters are called for which are in the possession of the defendant's attorneys and that the information is too broad and the need therefor not justified.

■ The interrogatories as now submitted do not call directly for information from defendant's counsel, but in effect only for the names and addresses of witnesses. Such information may be obtained under Rule 33 and interrogatories for that purpose are not subject to objection. Moore's Federal Practice, p. 2620, Sec. 33.02 and cases there cited.

■ The other objections are not well taken. It is the general rule that interrogatories should be allowed unless, under the circumstances of the particular case, the Court is satisfied that the administration of justice will be in some way impeded. Hickman v. Taylor, 3 Cir., 153 F.2d 212; Id., 328 U.S. 876, 66 S.Ct. 1337, 90 L.Ed. 1645; Nedimyer v. Pennsylvania R. R. Co., D.C., 6 F.R.D. 21; Gordon v. Pennsylvania R. Co., D.C., 5 F.R.D. 510, 511.

The objections to the interrogatories will, therefore, be overruled.