**BLANK v. GREAT NORTHERN RY. CO.**

No. 395.

District Court, D. Minnesota,
Third Division.

Feb. 17, 1943.

Robert J. McDonald and William H. De Parcq, both of Minneapolis, Minn., for plaintiff.

J. H. Mulally and A. L. Janes, both of St. Paul, Minn., for defendant.

SULLIVAN, District Judge.

The plaintiff makes this application under Rule 34 for leave to inspect and copy the transcript of reporter's notes of a statement made by the plaintiff to the Claim Agent of the defendant Railway Company some few days after the accident.

It appears by the affidavit of A. L. Janes, one of the attorneys for the defendant, that this statement is now in the hands of the attorneys for the Railway Company.

The defendant objects to the demand made by the plaintiff on the grounds (1) that he has failed to show good cause therefor; (2) that the statement is privileged, and (3) that the statement does not constitute evidence for and on behalf of the plaintiff.

The Court is of the opinion that adequate reasons for this request have been given in the plaintiff's moving papers.

Rule 34 provides for the inspection and copying of documents and papers (1) that are "not privileged", and (2) when they "constitute or contain evidence material to any matter involved in the action."

It is the contention of the defendant that the statement as transcribed by the reporter is "privileged", in that it constitutes a communication between client and attorney, and the defendant relies on Schmitt v. Emery et al., 211 Minn. 547, 2 N.W.2d 413, 139 A.L.R. 1242, to sustain its position.

Shortly after the occurrence of the accident in which the plaintiff was injured, the Claim Department of the defendant made an investigation and obtained the statement in question. The attorneys for the defendant say that the statement is now in their possession. It appears that the Legal Department is a department of the defendant Railway Company, as is the Claim Department, over which the Legal Department has supervision. They both constitute departments of the Railway Company, and it may be properly concluded that the statement, while technically in the possession of the attorneys in the Legal Department, is in reality in the possession and under the control of the Railway Company.

■ There is a bar by statute in Minnesota to the examination of and disclosure by any attorney, without the client's consent, of any communication made by the client to the attorney. Mason's Minnesota Statutes, 1927, Section 9814 (2). Nor can any attorney be compelled without his client's consent to produce or disclose the contents of a document entrusted to him by his client to be used in conducting litigation (citing cases). Schmitt v. Emery et al., supra, on page 416 of 2 N.W.2d.

It may be considered that the statement transcribed was transmitted by the Claim Department to the attorneys for the defendant. The source of the statement, however, was not the Claim Department, nor any other agent of the defendant. The authorship, apparently, was in the plaintiff, the adverse party. It is stated in Wigmore on Evidence, Section 2318, Second Edition, that only those documents which the party has created as a communicating client, are privileged.

■ There is recognition in the statute of Minnesota that such statements taken from an injured plaintiff are not privileged. It is provided in Mason's Minnesota Statutes, 1940 Supplement, Section 5687-8, that: "Any statement secured from an injured person at any time within 30 days after such injuries were sustained shall be presumably fraudulent for use in the trial of any action for damages for injuries sustained by such person or for the death of such person."

The plaintiff was not given a copy of the statement which he had made, and which had been transcribed by the court reporter, as was done in the case of Swanson v. Swanson, 196 Minn. 298, 265 N.W. 39.

In the present case the statement was given by the adverse party, the plaintiff, to the defendant's Claim Agent. There appears to be no reason for the protection of such statement as a privileged communication from the inspection thereof by the plaintiff. Here it is the statement of the plaintiff which the plaintiff wants to inspect and copy. In the case of Schmitt v. Emery et al., supra, it was the statement of the employee of the defendant which the plaintiff was attempting to use.

The defendant claims that the statement is not evidence in the hands of the plaintiff. This may be conceded as being correct. Under Rule 34, that fact does not bar the plaintiff from the right to an inspection of the statement. All the rule requires is that the paper be evidence. The state-

ment might be used by the defendant as impeaching evidence, or, under certain circumstances, as substantive evidence.

In Mackerer v. New York Central Railroad Company, D.C.E.D.N.Y., 1 F.R.D. 408, 409, the Court quoted the Honorable Alexander Holtzoff, Special Assistant to the Attorney General, in one of his commentaries on the Federal Rules of Civil Procedure, as follows: "The examining party is not restricted to securing testimony that would be admissible in evidence at the trial. He may go further and obtain information that may be useful in securing such evidence."

In Hoffman v. Palmer et al., 2 Cir., 129 F.2d 976, on page 997, the Court had the following to say: " * * * the old 'fixed principle' of keeping the opponent in the dark as to the tenor of the evidence in one's possession is now out of date."

In the instant case the statement which the plaintiff seeks to inspect and copy may be relevant and material upon the trial of this cause, either on cross-examination or re-direct examination. In any event, the statement no doubt contains matters which have some bearing on the issues involved therein, and are relevant thereto. The person making the statement is an adverse party. There was no confidential relationship existing between the plaintiff and the Claim Agent and attorneys for the defendant. Their interests were opposed to each other. Therefore, it is ordered That the motion of the plaintiff be, and the same hereby is in all things granted.

An exception is accorded to the defendant.