GORDON v. PENNSYLVANIA R. CO.
No. 5443.

District Court, E. D. Pennsylvania.
Aug. 15, 1946.

B. Nathaniel Richter, of Philadelphia, Pa., for plaintiff.

Philip Price, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is a personal injury action. Plaintiff has filed a "Motion for Production of Records" in which he asks for the following: "(1) a copy of the plaintiff's statement taken by the defendant; (2) a copy of the inspection record of the spanner wrench involved in this case; (3) a copy of the inspection record of the engine lathe that the plaintiff was using at the time of the accident; (4) copies of the (sic) any statements taken by the defendant of Perry Di Nici and Clyde Summers; (5) copy of the repair records of the machine involved in this accident; (6) copies of the reports of Dr. Findley and Dr. Ben Hull, made to the company on this person."

The parties are in dispute as to whether the instant motion is brought under Federal Rules of Civil Procedure, rule 34, 28 U.S.C.A. following section 723c, in which event good cause must be shown. Plaintiff contends it is brought under Rule 33(a) which "allows him to make copies of statements without showing cause."

It needs nothing but diligence to find that there are no subdivisions to Rule 33. Although this Rule, designated "Interrogatories to Parties", makes no mention of production of records or documents, in the course of interrogatories a request for copies of statements has been permitted to be made. Hickman v. Taylor, 3 Cir., 1945, 153 F.2d 212, 216; but cf. 2 Moore's Federal Practice (1938), § 34.03. In the instant case, plaintiff is not proceeding by interrogatory, and the requests for statements are not made in connection with any interrogatory. Plaintiff's statement quoted above and the recitation in the motion that "the defendant has possession, custody and control of said statements and records, which constitute or contain evidence relevant and material to matters involved in this case," reflect the concept

and language of Rule 34. Clearly that is the Rule under which plaintiff was proceeding, and, indeed, that is the only Rule under which the instant motion for production of documents can be maintained.

■ The defendant denies having such statements or reports as are sought in requests (2), (3), and (5). Accordingly, these are denied, as is customary.

It remains to determine whether, under Rule 34, the statements and reports requested in (1), (4), and (6) should be granted. It may be noted that no question of privilege, such as was raised in Hickman v. Taylor, supra, is present here.

■ In applying Rule 34, this Court first adopted the view that statements obtained in preparation for litigation ought not to be subject to discovery before trial, except, of course, upon good cause shown, although reports of employees made in the usual course of business would be ordered to be produced. Stark v. American Dredging Co., D.C.1943, 3 F.R.D. 300; Eiseman v. Pennsylvania R. Co., D.C.1944, 3 F.R.D. 339. This concept has wide recognition.[1] However, in Hickman v. Taylor, D.C.1945, 4 F.R.D. 479, 482, this Court, sitting en banc, adopted the view that "unless, under the circumstances of any particular case, the Court is satisfied that the administration of justice will be in some way impeded, discovery will be granted when asked." In Hickman v. Taylor, 153 F.2d at page 216, the Circuit Court of Appeals noted that, insofar as Rule 34 is concerned, the requirement of "good cause" must nevertheless be satisfied.

■■ What constitutes good cause is a difficult question.[2] The elements are suggested in 2 Moore's Federal Practice, § 34.04. A liberal construction is, of course, desirable. United States v. Doudera, D.C. E.D.N.Y.1939, 28 F.Supp. 223. Considerations of practical convenience are of importance. So also, the Court should be satisfied that production of the requested document is necessary to enable a party to prepare his case, or will facilitate proof or progress at the trial. These must be the considerations, at least, given prominence by the Court. In the long run, whether the order to produce a particular document will be granted is a matter for the exercise of the Court's discretion, and the attempted statement of a rule results only in diminishing the desired flexibility of the Civil Rules. See 2 Moore's Federal Practice, § 26.12 (as amended in the 1945 Cumulative Supplement, and see note 15 therein). It is sufficient guidance to keep in mind the liberal objectives of the Civil Rules.

■ It is true that plaintiff may be permitted to examine his statement to the defendant, Blank v. Great Northern Ry. Co., D.C.Minn.1943, 4 F.R.D. 213, but in the instant case I am not satisfied on the matter of good cause. Plaintiff's argument fails to state specifically the necessity for the document, and, indeed, seeks to take advantage of generalities. Accordingly, item (1) is denied.

■ I am further of the opinion that item (4) should be denied upon defendant's assertion that the statements are not designated nor is the materiality shown. Plaintiff's assertions, of course, are conjecture and mere conclusions on his part. Since recourse may be had to other discovery procedure, under Rules 26 and 33, the failure to designate and to show materiality is fatal to the motion under Rule 34. See Callen v. Pennsylvania R. Co., D.C.E.D.Pa.1946, 5 F.R.D. 83.

■ Finally, I am of the opinion that item (6) may be granted. Defendant's objection falls in view of plaintiff's willingness to exchange physicians' reports. The concept of the "work product of the lawyer" suggested in Hickman v. Taylor, 3 Cir., 153 F.2d 212, 223, on the matter of privilege, is not capable of being extended to include the work product of a physician.

An Order may be entered in accordance herewith.

---

[1] See also cases collected in Section 34.-04, footnote d, 1945 Cumulative Supplement, 2 Moore's Federal Practice.

[2] See Hickman v. Taylor, 3 Cir., 153 F.2d 212, at page 216, footnote 4.