**BENNETT v. NEW YORK CENT. R. CO.**

Civ. A. No. 3682.

United States District Court
W. D. New York.

Feb. 11, 1949.

William J. Brock, of Buffalo, N. Y., for plaintiff.

Brown, Kelly, Turner & Symons, of Buffalo, N. Y., for defendant.

BURKE, District Judge.

Plaintiff's motion, although not so indicated in the motion papers, is made under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The rule reads "Upon motion of any party showing good cause therefor * * * the court * * * may order * * *". The action is brought

by the plaintiff as administratrix against the defendant Railroad to recover damages arising from the decedent's death claimed to have been caused by the fault of the Railroad. The material sought by the plaintiff falls into two classes: (1) "the investigation of the defendant pertaining to the facts of the accident and immediately following said accident, alleged in the Complaint herein; which investigation consists of reports and statements taken by the defendant subsequent to the accident;" (2) "all the reports and statements made by fellow workers of the deceased, which reports and records and statements concern the deceased's condition since the accident to the time of his death."

■■ To comply with the requirement of the Rule for the showing of good cause the notice states "on the ground that such information is necessary for the plaintiff to prepare for the trial of this action at the January term of this Court of Elmira, New York" and "On the ground that such information is information which the plaintiff is rightfully and justly entitled to and without which the issues of the action can not be finally settled and determined and limited for trial." So far nothing has been stated as cause for the relief sought except bare legal conclusions. Attached to the notice is the moving affidavit of an associate of plaintiff's attorney which contains the following: "That it is necessary that the plaintiff have certain information which is unavailable to him and solely within the control of the defendant, its agents, servants and employees, which information is necessary for the preparation and trial of this action" and "That it will be necessary for the plaintiff to prove the facts surrounding the occurrence of the accident, and the condition of the deceased following said accident, and up to the time of his death. That most of said information is solely within the hands and under the control of the defendants. That upon information and belief, the defendant has made an investigation of the facts of the accident and has circulars and written notices in its possession concerning the physical condition of the deceased since the time of the accident, and to the date of his death. That all of said statements are parts of the investigation of the defendant Railroad, and which facts are necessary to the plaintiff to impeach witnesses and to prepare for and try this action." The parts of the moving affidavit quoted are also largely conclusions. So far as the moving papers show, every witness who has made a statement or report regarding the circumstances surrounding the accident to the defendant may be equally available to the plaintiff and may have already been examined by the plaintiff. The plaintiff makes no claim that she does not know who the witnesses to the accident are, nor does she set forth any facts showing that they are not equally available to her. Even if the witnesses are employees of the railroad, they are subject to examination before trial by the plaintiff under discovery procedure. As to the second class of material sought by the plaintiff, the situation is somewhat different. Although it does not clearly appear from the motion papers the fact is, as stated by defendant's attorneys upon the return of the motion, that the Railroad at the direction of defendant's attorneys sent out a circular letter to fellow employees of the decedent soliciting information as to his activities after the accident which might have a bearing upon his physical condition. The plaintiff does not know to whom the letter went nor from whom the Railroad received answers, and it is now apparent that that information is not available to the plaintiff from the Railroad and cannot be secured without resorting to the exhaustive process of examining all of the fellow employees of the decedent. The information is relevant and material to one of the questions at issue. I think that constitutes a showing of good cause for the relief sought as to the second class of material which the plaintiff seeks to examine.

The plaintiff may have an order requiring the defendant to produce and permit the inspection and copying of the reports and statements made by fellow workers of the decedent concerning his physical condition from the time of the accident to his death. The inspection shall take place at the office of defendant's attorneys on the 18th day of February, 1949, at 2 P.M., unless the time and place of the inspection be mutually agreed upon otherwise.