## SAFEWAY STORES, Inc. v. REYNOLDS.

### No. 9775.

United States Court of Appeals
District of Columbia Circuit.

Argued April 12, 1949.

Decided June 27, 1949.

Mr. Cornelius H. Doherty, Washington, D. C., for appellant.

Messrs. David G. Bress and Alvin L. Newmyer, Jr., Washington, D. C., with whom Mr. Alvin L. Newmyer, Washington, D. C., was on the brief, for appellee.

Before CLARK and PROCTOR, Circuit Judges, and LEDERLE, District Judge, sitting by designation.

LEDERLE, District Judge.

This is a special appeal allowed October 8, 1948, from an order entered in the District Court on January 30, 1948, granting plaintiff-appellee's motion under *Rule 34*, Federal Rules of Civil Procedure, 28 U.S.C.A., for the production of a written statement. The complaint in the action seeks damages for personal injuries resulting from plaintiff slipping on the floor of defendant-appellant's store. The document in question was a statement of the circumstances of the accident given by plaintiff-appellee to an attorney for the insurer of the defendant-appellant two weeks after the accident, during the insurer's investigation of the accident.

Appellant places its reliance squarely upon Martin v. Capital Transit Co., 83 U.S. App.D.C. 239, 170 F.2d 811, decided May 18, 1948, wherein this court affirmed the denial of a motion to produce a statement. Appellee counters with a recitation of several points of distinction between the facts of the two cases, namely: In the Capital Transit case, the statement was made by the motorman involved in the street car accident immediately after the accident and was turned in to his employer, the defendant, Capital Transit Co., while the statement presently under consideration was given by the plaintiff himself to an attorney for the insurer of defendant, Safeway Stores, Inc., two weeks after the accident and after plaintiff had returned from the hospital. It is appellee's contention that this variation of fact is material and compels a contrary result to that reached in the Capital Transit case.

In the case at bar, the sole basis for the order to produce was the motion itself, unverified and unsupported by affidavit or other showing. The motion reads: "Comes now the plaintiff, William E. Reynolds, by his attorneys, Newmyer and Bress, and moves this Honorable Court for an order requiring the defendant, Safeway Stores, Inc., a corporation, to permit the plaintiff, through his attorneys, to inspect and copy a certain written statement personally signed by the plaintiff and furnished to the defendant's representative shortly after the accident, which is the subject matter of this action, occurred (sic) on September 26, 1945. Plaintiff says that said statement was signed by him before he was represented by counsel and before defendant

was represented by counsel; that said statement was not obtained by defendant in connection with its preparation for trial; that it was not obtained by any attorney for the defendant; and that said statement contains evidence material and relevant to the pending action."

The problem posed here is simply whether or not the rule announced in the Capital Transit case, four months after entry of the order here appealed from, is applicable to the facts of this case.

At the time the order in this and the Capital Transit cases were entered, the pertinent part of *Rule 34* read "Upon motion of any party showing good cause therefor and upon notice to all other parties the court * * * may (1) order any party to produce and permit the inspection and copying * * * of any designated documents * * * material to any matter involved in the action and which are in his possession, custody, or control. * * *"

A failure to meet the rule's requirement of showing good cause for the production was the specific reason why this court affirmed the order refusing production in the Capital Transit case, holding that the requirement for ordering production only "upon motion of any party showing good cause therefor," was not an idle phrase without significance; it meant just what it said, the moving party had to show good cause. In the words of that opinion, quoting from 170 F.2d page 812, "The rule contemplates an exercise of judgment by the court, not a mere automatic granting of a motion. The court's judgment is to be moved by a demonstration by the moving party of its need, for the purposes of the trial, of the document or paper sought. This view is confirmed by the Supreme Court in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451."

To obtain a proper perspective of the basis upon which the District Court acted, the three allegations of the motion which attempt to show cause for the production should be analyzed. The first such allegation is, that the statement was made before either party was represented by counsel.

This is equally applicable to the statement made by the motorman immediately after the Capital Transit accident, and, therefore, under the Capital Transit rule, is not good cause for an order to produce. The next allegation, that the statement was not obtained by defendant in connection with its preparation for trial, fits into the same category of being factually identical with the Capital Transit situation, and likewise, does not aid appellee in the matter of showing cause. Furthermore, statements such as this are obtained regularly by insurers, knowing that a claim, a lawsuit, and a trial are definite possibilities following any accident, for which contingencies insurers must be prepared. The third allegation, that the statement was not obtained by an attorney for the defendant, is technically correct because the statement was obtained by an attorney for the insurer of the defendant. In this connection, it should be borne in mind not only that the Capital Transit statement was not obtained by any attorney, but also that the statements involved in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, were obtained by an attorney representing the defendants and their underwriters, and production in each case was refused because there was a lack of showing of good cause for the production.

It must also be remembered that plaintiff himself combines in one person, the claimant and the witnesses of whom the court said on page 813 of 170 F.2d in the Capital Transit case, quoting from Hickman v. Taylor, "He has sought discovery as of right of * * * written statements of *witnesses whose identity is well known and whose availability to petitioner appears unimpaired.* * * * For aught that appears, the essence of what petitioner seeks * * * is readily available to him direct from the witnesses for the asking. * * * In our opinion, neither *Rule 26* nor any other rule dealing with discovery contemplates production under such circumstances." (Italics added.)

If this be true as to the statements of third party witnesses, certainly it should be true of the statement of the plaintiff himself in the role of witness.

There is no showing here of any incident unusual in this type of case, nor that this is anything other than a routine personal injury action prosecuted by a mentally sound adult male plaintiff.

Although not part of the formal basis for the order to produce, plaintiff's counsel contends that a statement made by him in argument before the District Court should be considered as having been a showing of good cause for the production, namely: "We need it to know what our man said at that time shortly after the accident. * * * This statement is needed to help us prepare for trial, to give us some advance warning of any material change in his statement made to defendant's investigator, different than what he gave us as to the claim." ·

We do not feel that this suggestion can be regarded as a showing of good cause to support an order for production of part of the files of his opponent's insurance carrier for the reason that the same argument is implicit in all cases where production has been refused because good cause therefor was not shown, including Hickman v. Taylor and Martin v. Capital Transit Co., supra.

As was said on page 813 of 170 F.2d in the Capital Transit case, "It is true that Hickman v. Taylor does not directly involve Rule 34, under which the motion to produce was filed in the instant case. But the opinion in that case appears to announce general principles for the guidance of the Federal courts in the application of all of the rules embraced within part V, ·Federal Rules of Civil Procedure, covering Depositions and Discovery, to wit, Rules 26-37, inclusive. Within those principles the motion to produce in the instant case was insufficient for lack of a showing of good cause."

Appellee seeks to escape the impact of the Capital Transit ruling by citing the following cases, viz: Bough v. Lee, D.C. N.Y.1939, 28 F.Supp. 673; Price v. Levitt, D.C.N.Y.1939, 29 F.Supp. 164; Seals v. Capital Transit Co., D.C.D.C.1940, 1 F.R.D. 133; Mackerer v. New York Cent. R. Co., D.C.N.Y.1940, 1 F.R.D. 408; Leach v. Greif Bros. Cooperage Co., D.C. Miss.1942, 2 F.R.D. 444; Blank v. Great Northern Ry. Co., D.C.Minn.1943, 4 F.R.D. 213; Nedimyer v. Pennsylvania R. Co., D.C.Pa.1946, 6 F.R.D. 21; Thomas v. Pennsylvania R. Co., D.C.N.Y.1947, 7 F.R. D. 610; Hayman v. Pullman Co., D.C.1948, 8 F.R.D. 238 and Terminal R. Ass'n of St. Louis v. Moore, 1944, 8 Cir., 145 F.2d 128.

An examination of these cases discloses that they were all decided prior to the Capital Transit decision. There is nothing in any of them to cause us to question the soundness of that decision or to apply here a different rule than there applied.

There was here, as in the Capital Transit case, a naked general demand without showing of any real reason or necessity for the production, and there is nothing to show that a denial of production will unfairly prejudice the plaintiff or cause him undue hardship or injustice.

The decision appealed from must be reversed and the cause remanded to the District Court with directions to vacate the order for production of plaintiff's statement.

Reversed.