### PORTMAN v. AMERICAN HOME PRODUCTS CORPORATION.

United States District Court
S. D. New York.

Oct. 18, 1949.

614

Cahill, Gordon, Zachry & Reindel, New York City, for plaintiff.

Scandrett, Tuttle & Chalaire, New York City, for defendant.

RYAN, District Judge.

Plaintiff moves to compel answers to questions propounded to defendant on oral examination, Rule 37(a), Federal Rules of Civil Procedure, 28 U.S.C.A. and to compel production of all written statements taken by defendant of witnesses.

Plaintiff claims that in February, 1944 he was engaged by defendant to assist in the acquisition of concerns in the veterinary serum field. He alleges that through his efforts defendant was able to obtain all the stock of the Fort Dodge Serum Company, and that despite due demand the latter has failed and neglected to compensate plaintiff for these services, in accordance with the terms of the contract.

Since joinder of issue plaintiff has taken the depositions of several officers and directors of defendant. All of these have been concluded with the exception of the deposition of Knox Ide.

Ide has been a director and member of defendant's executive board since 1936. From 1939 to 1940 he was defendant's secretary; in 1941 he was re-employed as vice-president and from 1943 to the end of October, 1945 he was president of the corporation, at which time he resigned to become general counsel, serving in this capacity until June, 1946. Thereafter, he was not in defendant's employ until January 1, 1948, when he again became general counsel and a partner in the law firm of Scandrett, Tuttle & Chalaire, which has acted as general counsel for defendant.

In an affidavit submitted by Ide in opposition to this motion he states that in the fall of 1947, plaintiff came to see him at his law office in connection with a business transaction unrelated to the matter of this action; that during the course of their conversation, plaintiff casually mentioned that he thought he should do something about this claim. That shortly after, Ide mentioned the talk had with plaintiff to the chairman of the board of the corporation (that an attorney from Kansas City had also mentioned this claim to the chairman), and that as a result of his conversation with the chairman, he, Ide, inquired of various employees of defendant and of a subsidiary corporation as to whether they knew of any basis for such a claim, but that he received no written statements from anyone in connection with these inquiries.

On January 23, 1948, plaintiff's attorneys notified defendant that they had been retained by plaintiff in connection with his claim. The letter so advising was turned

over to Ide, as general counsel of defendant, who thereupon made investigations and procured statements from present and former employees of the Fort Dodge Serum Company. A list of these employees is included in Ide's affidavit.

Plaintiff now seeks discovery of these statements, advancing the following reasons in an effort to show necessity or justification for their production:

Plaintiff has no knowledge of employees and subsidiaries of defendant who know the facts relating to plaintiff's claim; he does not have at his disposal the facilities to investigate which defendant has; he will have great hardship in locating witnesses, with such knowledge, in view of the unanimous assertion of defendant's principal executives that there is no basis for the claim; and, lastly, he anticipates hostility from some of the witnesses by reason of their employment and relationship to defendant.

Where statements of a litigant's employees are made in the regular course of business, and not solely to aid trial counsel these statements may be inspected. Smith v. Washington Gas Light Co., D.C. D.C.1948 7 F.R.D. 735; Rockett v. John J. Casale, Inc., D.C.S.D.N.Y.1947, 7 F.R.D. 575; Corbett v. Columbia Transportation Co., D.C.W.D.N.Y.1946, 5 F.R.D. 217. In Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, the Court held that information which an attorney while acting for a client secures from a witness in anticipation of litigation is not privileged, and that upon a showing of necessity or justification a court might in its discretion grant discovery of written statements and private memoranda of conferences with witnesses, "But the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order. That burden, we believe, is necessarily implicit in the rules as now constituted." 329 U.S. at page 512, 67 S.Ct. at page 394.

It is felt that plaintiff's reasons are not at this time sufficient to warrant the exercise of discretion. Defendant has given the names of those witnesses from whom it procured statements, and it would be proper for plaintiff himself to attempt to obtain statements from them. Plaintiff's reasons are now necessarily based upon conjecture; if when he has made diligent effort to procure such statements he finds that he can base his reasons on facts, he may again apply to the court for assistance.

Motion denied.