**RAUDENBUSH v. READING CO.**

**Civ. A. No. 9218.**

United States District Court
E. D. Pennsylvania.

Feb. 23, 1950.

Harry A. Demar, Philadelphia, Pa., for plaintiff.

John R. McConnell, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This case was listed for jury trial on Monday, February 13, 1950 before me. By agreement of counsel, the case was continued to February 27th, 1950, and a jury has been selected, but not sworn, to try the action. On Tuesday, February 21st, a motion was presented to the Court under Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A., to compel the defendant to make available for copying:

1. A statement given by the plaintiff to the claims agent of the defendant approximately one month after the happening of the accident which is the subject matter of this suit and at a time when plaintiff was still confined to the hospital from injuries received in the accident.

2. A transcript of the record taken at a hearing given plaintiff by the defendant for violation of its safety rules at the time of the accident.

The reasons assigned for production of these documents are:

1. That the plaintiff because of the lapse of time and because of his physical condition at the time the statement was given and proceedings had is unable to remember what he had told the defendant's representatives on each occasion.

2. That the Union rules and conditions of employment under contract existing between defendant and the Union of which the plaintiff is a member required him to be furnished with copies of the charges made when a hearing is held on violations of safety rules.

■ The second reason assigned can be disposed of very briefly. Plaintiff herein is not asking for a copy of the charges but is asking for a statement made not in connection with any such charges and, secondly, a transcript of the testimony taken at the time of hearing on the charges, neither of which is covered by the rules or conditions of employment contained in the contract.

■ In the decision of Alltmont et al. v. United States, 3 Cir., 177 F.2d 971 the opinion of Maris, J. fully sets out the conditions under which a party is entitled to the production of documents in a civil action. The fundamental requisite is that good cause be shown for such production. Plaintiff herein in his brief relies upon the cases of Gordon v. Pennsylvania Railroad Co., D.C., 5 F.R.D. 510, and Blank v. Great Northern Railway Company, D.C., 4 F.R.D. 213. Neither case is in point. In fact, in the Gordon case, the Court refused the production of a similar statement on the matter of good cause. In the Blank case, the Court very specifically finds as a fact and as a basis for its order that good cause was shown for the production. What that good cause was does not appear from the opinion and it, therefore, affords no factual help in this situation.

■ It appears that plaintiff herein is concerned that his testimony in chief to be given in this case may be at variance with statements made to the claims agent and under oath in the hearing on the safety rules. He made both statements. It is his attorney who now makes this request and there is no showing of his unavailability for consultation and interrogation independently of the requested statements. If there is any discrepancy between his testimony in chief and his previous statements, of course, these documents might conceivably be used for the purposes of cross-examination and discrediting his testimony in chief. That standing alone does not impress us as good cause. There is no attempt to show in this case that the obtaining of either statement was fraudulent; that it was obtained by false representation or over-reaching; or that it was obtained when the plaintiff was under disability. It appears therefore that the case of Safeway Stores, Inc., v. Reynolds, D.C. Cir., 176 F.2d 476, is controlling.

The motion, therefore, must be dismissed.