**HUDALLA v. CHICAGO, M., S. P. & P. R. CO.**

Civ. No. 3305.

United States District Court
D. Minnesota, Fourth Division.

July 19, 1950.

William H. DeParcq, of Minneapolis, Minn. and John S. McGrath, of St. Paul, Minn., for plaintiff in support of motions.

A. C. Erdall, C. O. Newcomb and S. W. Rider, Jr., all of Minneapolis, Minn., for defendant in opposition thereto.

NORDBYE, Chief Judge.

This is a proceeding under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., in which plaintiff seeks damages for personal injuries sustained during his employment with defendant. He presents two motions under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. In one he seeks to inspect, photograph, or photostat a copy of any statement or statements given by plaintiff to any claim agent or employee of defendant, and in the other he seeks to be accorded the same rights with reference to a statement given by one John Peterson, the only eye witness to the accident.

During the brief oral argument by counsel before the Court, I indicated that it was my opinion that the motions should be granted for the reason that the better considered decisions tended to uphold plaintiff's contention. But, upon reconsideration of the affidavits supporting the motions and a further study of some of the recent deci-

sions, I am of the opinion that, in making that statement, I did not give due consideration to the question as to whether plaintiff had made out on the showing "good cause for the relief sought." Among other cases, my attention has been called to Gordon v. Pennsylvania R. Co., D.C.Pa.1946, 5 F.R.D. 510; Hanke v. Milwaukee Electric Ry. & Transport Co., D.C.Wis.1947, 7 F.R.D. 540; Hoffman v. Chesapeake & O. Ry. Co., D.C.Ohio 1947, 7 F.R.D. 574; Reeves v. Pennsylvania R. Co., D.C.Del.1949, 8 F.R.D. 616; Bennett v. New York Cent. R. Co., D.C.N.Y.1949, 9 F.R.D. 17; Martin v. Capital Transit Co., 1948, 83 U.S.App.D.C. 239, 170 F.2d 811; Safeway Stores, Inc., v. Reynolds, 1949, 85 U.S.App.D.C. 194, 176 F.2d 476; Alltmont v. United States, 3 Cir., 1949, 177 F.2d 971. I find the views expressed in these cases persuasive herein.

It seems obvious that plaintiff has proceeded herein on the assumption that as a matter of right he is entitled to the relief sought and the right to inspect and copy these documents is to be granted merely upon request therefor.

It will be noted that, in the affidavit of counsel in support of the separate motions, the recitals in the last three paragraphs of his affidavit in both motions are identical, and they purport to set forth the entire showing to substantiate good cause. No distinction is made as between the showing of good cause for the production of plaintiff's statement and the production of the statement given by the witness. A reading of these paragraphs indicates that they merely state the conclusions of the affiant without setting forth any exceptional or unusual circumstances which should motivate the Court in exercising his judgment as to whether the relief sought should be granted. These identical paragraphs read as follows:

"Affiant further states that by reason of the premises aforesaid, the defendant is in custody and possession of a document or documents which contain material evidence in the above cause; that affiant prepared the attached motion and is certain that each or all of said documents constitute or contain evidence material to the issues and the matters involved in said action; that each or all of said documents are in the posses-

sion, custody or control of the defendant within the meaning of Rule 34.

"Affiant further states that the plaintiff cannot properly and adequately prepare said cause for trial or safely proceed to trial unless this motion is granted and unless the plaintiff is given permission to inspect, copy, photostat or photograph said document or documents.

"Affiant further states that the evidence referred to in said motion by way of the document or documents mentioned herein is in the possession and control of defendant and not in the possession or control of plaintiff nor readily accessible to him; that plaintiff makes this motion for purposes of discovery or for any other purpose for which the evidence may be proper under Rule 34."

Presumably, the testimony of John Peterson is available to plaintiff. His deposition may be taken. The Court cannot presume that the statement given will be at variance with the testimony which may be adduced by way of a deposition. As the court stated in Alltmont v. United States, supra, in referring to Civil Procedure Rule 34 and Admiralty Rule 32, 28 U.S.C.A., page 978 of 177 F.2d: " * * * But he must in every case make the showing of good cause required by those Rules for their production. In other words he must show that there are special circumstances in his particular case which make it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying. His counsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case."

■ True, the possession of Peterson's statement may be helpful to plaintiff in cross-examination or by way of impeachment, but presumably the deposition of the witness may afford plaintiff similar opportunity. The time when Peterson's state-

ment was taken does not appear on this showing. In any event, the sheer conclusions stated in the affidavit of counsel in support of the motion and the absence of any showing of special or exceptional circumstances which should move the Court to exercise his judgment require a denial thereof.

■■ Should any distinction be made in construing the showing as to the motion that refers to the right of plaintiff to obtain a copy of the statement which he gave to defendant's claim agent? As observed, the same general language is employed in the showing of good cause in support of this motion. Plaintiff's counsel urges that plaintiff's statement may constitute substantive evidence and be admissible in evidence as constituting relevant and material admissions of a party to the action. Hence, it is argued that defendant is in possession of evidence to which plaintiff does not have access. In one sense, this is true. But, of course, plaintiff's evidence is available to him. It is not contended that he will not be able to testify fully at the trial as to how the accident happened. The affidavit merely states that plaintiff does not know the contents of the statement which he gave. The inference is that he does not remember what he told the claim agent. It is to be presumed, however, that he told the claim agent his version of the accident. It is not contended that he was under any disability when the statement was given, or that he was in the hospital and unable to give the company's representative a coherent statement of the true facts of the accident. It appears that the accident took place in June, 1948, but the affidavit does not even indicate the time when the statement was given or whether it was signed. For aught which is disclosed herein, plaintiff's statement to the claim agent correctly recites the former's version as to the manner in which the accident happened. The Court is not so naive as to assume that there are no accident investigations by claim agents where the latter in taking a statement from an injured person does not tend to favor defendant's version of the accident rather than the plaintiff's, and where a fraudulent or misleading state-

ment is procured, it is highly desirable that counsel should be timely advised and prepared to meet it if it is offered in evidence. But, query: In every instance under Rule 34 is an injured person entitled, as a matter of right, to obtain a copy of any statement which he may have given to a representative of defendant without affirmatively establishing good cause? A rule to that effect might be a salutary and advisable one, but Rule 34 makes no such exception or inference.

In Safeway Stores, Inc., v. Reynolds, supra, counsel made an argument to the District Court in support of his motion to obtain a copy of the statement given by his client to an attorney for the insurer of the store owner where the accident took place, and in which he stated, page 478 of 176 F.2d: " 'We need it to know what our man said at that time shortly after the accident. * * * This statement is needed to help us prepare for trial, to give us some advance warning of any material change in his statement made to defendant's investigator, different than what he gave us as to the claim.' "

But the Circuit Court replied to that statement as follows, 176 F.2d at page 478: "We do not feel that this suggestion can be regarded as a showing of good cause to support an order for production of part of the files of his opponent's insurance carrier for the reason that the same argument is implicit in all cases where production has been refused because good cause therefor was not shown, including Hickman v. Taylor [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451] and Martin v. Capital Transit Co., supra."

The term "good cause" and what constitutes good cause may be somewhat elusive. It is much simpler to determine that good cause does not exist under Rule 34 than it is to enunciate a rule which will apply to all situations. And undoubtedly each motion under the rule must be decided on its own facts. There has been considerable divergence of opinion among the trial courts as to the interpretation of Rule 34. I recognize that there are cases which seem to pass lightly over the issue of good cause in construing this rule. Among them are

those cited by plaintiff herein: Dugger v. Baltimore & O. R. Co., D.C.N.Y.1946, 5 F.R.D. 334; Barreca v. Pennsylvania R. Co., D.C.N.Y.1946, 5 F.R.D. 391; Tague v. Delaware, L. & W. R. Co., D.C.N.Y. 1946, 5 F.R.D. 337; Ryan v. Lehigh Valley R. Co., D.C.N.Y.1946, 5 F.R.D. 399. These cases were all decided before Martin v. Capital Transit Co., supra; Safeway Stores v. Reynolds, supra, and Alltmont v. United States, supra, but see also Herbst v. Chicago, Rock Island & Pacific R. Co., D.C. Iowa 1950, 10 F.R.D. 14, where the court determined that good cause had been shown and permitted the examination of some four out of the ten statements sought. The District Court of Minnesota, by the late Judge Sullivan, in Blank v. Great Northern R. Co., 1943, 4 F.R.D. 213, required the production of a plaintiff's statement in an application under Rule 34, but the Court found that good cause had been shown. What facts constituted the good cause do not appear from the decision. The Eighth Circuit in Terminal R. Ass'n of St. Louis v. Moore, 145 F.2d 128, merely refused a writ of prohibition where the trial court had granted a right to inspect and copy a statement or statements taken by plaintiff's adversary. That case does not sustain plaintiff's position herein. The merits of the granting of the motion of the trial court were not considered. One of the most recent expressions by a District Court is to be found in Raudenbush v. Reading Co., D.C.Pa.1950, 9 F.R.D. 670, where the court in passing on a similar motion observed that Blank v. Great Northern R. Co., supra, was no particular help because the factual basis for good cause did not appear. In the Raudenbush case, the court made the following observation page 671 of 9 F.R.D.: "It appears that plaintiff herein is concerned that his testimony in chief to be given in this case may be at variance with statements made to the claims agent and under oath in the hearing on the safety rules. He made both statements. It is his attorney who now makes this request and there is no showing of his unavailability for consultation and interrogation independently of the requested statements. If there is any discrepancy between his

testimony in chief and his previous statements, of course, these documents might conceivably be used for the purposes of cross-examination and discrediting his testimony in chief. That standing alone does not impress us as good cause. There is no attempt to show in this case that the obtaining of either statement was fraudulent; that it was obtained by false representation or over-reaching; or that it was obtained when the plaintiff was under disability."

I am not unmindful that Rule 34 should be liberally construed in order to further the general purposes of the Federal Rules of Civil Procedure. But it is significant that Barron and Holtzoff in their recent work, Federal Practice and Procedure, in discussing the showing of good cause required under Rule 34 has this to say (Vol. 2, Sec. 796): "Rule 34 is somewhat more rigid than other discovery rules and requires a showing of good cause before relief is authorized. * * * If statements of witnesses are sought, a specific showing of good cause for their production should be made." Citing: Gordon v. Pennsylvania R. Co., D.C.Pa.1946, 5 F.R.D. 510; Seals v. Capital Transit Co., D.C.D.C.1940, 1 F.R.D. 133; Sonken-Galamba Corporation v. Atchison, T. & S. F. Ry. Co., D.C.Mo.1940, 30 F.Supp. 936; Compagnie Continentale D'Importation v. Pacific Argentine Brazil Line, D.C.N.Y. 1940, 1 F.R.D. 388.

In determining these two motions, I merely conclude that, under the rather stereotyped showing made herein and in view of the insufficiency of the factual bases therefor, good cause has not been established and any statements made herein are not to be construed as any indication that a showing may not be made which will fully justify the production of the type of statements which are involved in these two motions. However, until the Eighth Circuit indicates a different construction of the sufficiency of good cause under Rule 34, I am inclined to give due consideration to the views of the Court of Appeals in the Third Circuit as enunciated in Alltmont v. United States, supra, which court sat in

banc in passing upon the proper construction of Rule 34. That court is also the one which was affirmed in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and the construction of Rule 34 by the Third Circuit, therefore, should be given due weight. In the Alltmont case, under note 10, the court quotes with approval the statement of Justice Stephens in Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811, 812, at page 978 of 177 F.2d: " 'Rule 34 authorizes the District Court to order production of documents, papers, etc., upon motion of a party "showing good cause," not upon a mere allegation or recitation that good cause exists. The rule contemplates an exercise of judgment by the court, not a mere automatic granting of a motion. The court's judgment is to be moved by a demonstration by the moving party of its need, for the purposes of the trial, of the document or paper sought. This view is confirmed by the Supreme Court in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.' "

In view of the premises, it follows that the motions and each of them be, and the same hereby are denied. It is so ordered. An exception is allowed.