### FRANK v. TINICUM METAL CO., Inc.

Civ. A. No. 10192.

United States District Court
E. D. Pennsylvania.

Dec. 29, 1950.

Leon S. Forman, (of Wexler & Weisman), of Philadelphia, Pa., for plaintiff.

Charles A. Rothman, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action for breach of contract to supply certain materials alleging damages for loss of profits from anticipated sales. Before its answer was filed, the defendant filed this motion now before me for an order requiring the plaintiff to produce and permit the defendant to inspect and copy books and records now in the possession, custody and control of the plaintiff.

Plaintiff purchased tubs from other parties to be assembled with materials to be furnished by defendant. The complaint alleges inter alia in paragraphs 5 and 6 that "plaintiff suffered damages by reason of his purchase of said tubs and accessories at a price of $21,062.83 less the salvage value thereof at then market prices or a net loss of $12,519.43," and that "plaintiff was unable to fill his customers' orders, which were thereupon cancelled, and plaintiff suffered a loss of net profits on said orders in the sum of $17,287.17."

In his effort to ascertain the truth of these allegations the defendant filed its motion to inspect and copy such of the plaintiff's books and records as will show:

"1. The names and addresses of the persons, firms or corporations, from whom plaintiff purchased tubs and accessories at a price of $21,062.83, and the sum of each purchase.

"2. The names and addresses of the persons, firms or corporations to whom plaintiff sold said tubs and accessories in salvage, at a price of $8,543.40, and the amount of each sale.

"3. The names and addresses of the customers of plaintiff, to whom the to-be-finished products had been sold, prior to the termination of the contract between plaintiff and defendant, and the amount of each such sale.

"4. The itemization of the orders alleged to have been cancelled by plaintiff's customers.

"5. The method by which plaintiff's alleged loss of net profits in the sum of $17,287.17 is calculated.

"6. The method of calculating plaintiff's profits in connection with the sale of its other products in 1948.

"7. The expenses of plaintiff in connection with the sale of its other products in 1948.

"8. The gross profits of plaintiff on all operations for the year 1948.

"9. Generally all of plaintiff's books and records showing the transaction with defendant".

■ Part of the discovery procedure is Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which requires the production of documents for inspection, copying and photographing. But unlike Rule 33 which permits interrogatories as of right to compel full disclosure of all relevant nonprivileged facts, Rule 34 requires an affirmative showing of good cause for the production of specifically designated documents. Alltmont v. United States, 3 Cir., 177 F.2d 971; Safeway Stores, Inc. v. Reynolds, D.C.Cir., 176 F.2d 476; cf. Hickman, Administrator v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

■ Under the issue of specifically designating the desired documents, I think a motion for their production is sufficiently specific if the desired documents are designated by categories which from the nature of the case enable a reasonable man to know what documents he should produce. 4 Moore's Federal Practice 2444–2448 (2d Ed. 1950). Under such a test, a blanket request, such as Number 9, for the production of all books and records relating to the subject matter is obviously too general and indefinite to be granted. 4 Moore's supra at 2443–2444.

The problem in this case is what is required for an affirmative showing of good cause.

■ No affidavit of fact showing good cause was filed with the defendant's motion; this motion only alleges that the desired books and records "contain evidence relevant and material to the issues involved in this action." This allegation is a conclusion of law and considered by itself would not be sufficient. 4 Moore's supra at 2442–2443.

The nature of the case and the particular allegations of the complaint require further consideration. Most of the desired information could be obtained by propounding interrogatories or by taking depositions, but it is patent from the nature of the case that the plaintiff must prove this information in order to prove his damages.

This is an action for alleged loss of profits from a breach of contract where the desired documents are the plaintiff's books and records, and where the best method for the plaintiff to prove any loss of profits is to introduce these books and records into evidence at the trial of his case.

■ Under these circumstances and in view of the allegations of the complaint, I do not think that the defendant needs to present facts showing good cause since the complaint makes that showing for him, at least as to Numbers 1, 2, 3, 4 and 5.

■ The Federal Rules of Civil Procedure pertaining to discovery are to be interpreted and applied liberally so that each side will know all the relevant nonprivileged facts in order to facilitate their proof and to speed the progress of the trial.

Accordingly, common sense dictates that the defendant should, in this case, have discovery of some of the desired books and records. Whether this discovery comes before or after interrogatories have been propounded or depositions taken is immaterial.

■■ Applying the foregoing discussion to the defendant's specific requests, I will grant the defendant's motion as to Numbers 1, 2, 3, and 5. I will also grant the defendant's motion as to Number 4 in so far as the books and records are now in existance and with the provision that the plaintiff does not have to prepare a special itemized list in order to comply with this request. Although I understand the defendant's position, I will deny its motion as to Numbers 6, 7 and 8 since neither the complaint nor the

motion shows good cause at this time. I will also deny the defendant's motion as to Number 9 for indefiniteness.

An order will be entered in accordance with the views expressed in this opinion.