**RIO HAVEN, Inc. et al. v. NATIONAL SCREEN SERVICE CORP. et al.**

**No. 11546.**

United States District Court,
E. D. Pennsylvania.

July 25, 1951.

510

Francis T. Anderson, Philadelphia, Pa., for plaintiff Rio Haven, Inc. and others.

Louis Nizer, New York City, for defendant National Screen.

Morris Wolf and Abraham L. Freedman, Philadelphia, Pa., for Warner Bros. Pictures Distributing Corp., defendant.

·Earl G. Harrison, Philadelphia, Pa., for defendants Columbia Pictures Corp., Loew's, Inc., Paramount Film Distributing Corp., RKO Radio Pictures, Inc., Twentieth Century-Fox Film Corp., United Artists Corp. and Universal Film Exchanges, Inc.

McGRANERY, District Judge.

This action has been brought under the anti-trust laws for treble damages and injunctive relief. Plaintiff motion picture exhibitors, two individuals and their wholly owned corporation, allege that the action is brought on behalf of all the motion picture exhibitors of the United States not affiliated with any of the defendants. The defendants are a manufacturer and distributor of motion picture trailers and advertising accessories, and eight motion picture producers and distributors. The defendants have moved for a dismissal of the suit in so far as it purports to be a class action; and plaintiffs move for the production of certain documents which they allege will furnish evidence to destroy the basis of the defendants' motion.

The basis of the defendants' motion is that plaintiffs do not adequately represent the class which they purport to represent, pursuant to the requirements of Rule 23(a), 28 U.S.C.A. The record discloses that there are, among motion picture exhibitors of the United States not affiliated with any of the defendants, interests antagonistic to those of the named plaintiffs. The problem posed is how searching an inquiry there must be into the issue of representation in a "spurious" class suit under Rule 23(a) (3). See Moore, (2d Ed., vol. 3, sec. 23.07, page 3426). The rule in the Second Circuit is that, inasmuch as persons who do not become parties cannot be affected by the decision, it is necessary to go no further than to determine whether the plaintiffs have brought themselves within the provisions of the rule on the face of the complaint. Oppenheimer v. F. J. Young & Co., 2 Cir., 144 F.2d 387, 390; York v. Guaranty Trust Co. of New York, 2 Cir., 143 F.2d 503, note 52. In this Circuit, however, a more searching inquiry is required. Pennsylvania Company for Insurances, etc. v. Deckert, 3 Cir., 123 F.2d 979; Zahn v. Transamerica Corp., 3 Cir., 162 F.2d 36, 172 A.L.R. 495. Plaintiffs insist, nevertheless, that the Deckert case stands merely for the proposition that adequacy of representation must be found in a spurious class action in order to grant preliminary relief that would be inappropriate if designed to protect only the named plaintiffs; and that nothing in the opinion suggests the action could or should have been dismissed as a class action on the basis of inadequacy of representation. In this case supra, the court's discussion of the issue of representation was confined to the facts on the record then before it, with the final determination of the issue being left for subsequent decision by the trial court. And " * * * if it is to be maintained as a class action at all, the plaintiffs must 'fairly insure the adequate representation of all' of their class." Pennsylvania Company for Insurances v. Deckert, supra, 123 F.2d at page 984. In Zahn v. Transamerica Corp., supra, it was held that plaintiff might maintain a spurious class suit if his allegations of adequate representation of the entire class were proven. In the case at bar, the defendants' motion has put the plaintiffs to their proof. Although denom-

inated a motion to dismiss, the motion may be considered as one for summary judgment, because matters outside the pleadings were presented to and not excluded by the court. Rule 12(b), F.R.C.P. Since there is no genuine issue as to the fact of adequate representation of the class, the defendants' motion will be granted.

The plaintiffs have moved, under Rule 34, for the production of certain of the defendant National Screen Service Corporation's records, on the basis of a charge that motion picture exhibitors' testimonials in behalf of National Screen were secured by the misuse of National Screen's wealth. Thereby it is urged, National Screen has been able to present a picture of antagonistic interests in the class which plaintiffs seek to represent. The mere suspicion of improper conduct, however, is not sufficient cause to support a motion for the production of documents, especially in view of a sworn denial, and the plaintiffs offer no justification other than their suspicions. What constitutes good cause is a difficult question, and it is a matter for the exercise of the court's discretion. Gordon v. Pennsylvania Railroad Co., D.C., 5 F.R.D. 510. This court is not satisfied that good cause has been demonstrated and, accordingly, plaintiffs' motion will be denied.