**BIXLER et al.**

v.

**PROCTOR ACADEMY.**

Civ. No. 1273.

United States District Court
D. New Hampshire.

Feb. 9, 1954.

Orr & Reno, Eugene C. Struckhoff, Concord, N. H., for plaintiffs.

Sulloway, Jones, Hollis & Godfrey and Carl C. Jones, Concord, N. H., for defendant.

CONNOR, District Judge.

Plaintiffs, in action for personal injuries, move under Rule 34, F.R.C.P., 28 U.S.C.A. for an order requiring the defendant to produce and permit inspection and the making of photostatic copies of (1) statement of the plaintiffs made subsequent to November 3, 1951, the date of the accident, and signed by the plaintiff Elizabeth M. Bixler; and (2) letters or copies of letters between the plaintiffs, the defendant, and the defendant's insurer and its agent from November 3, 1951, to October 31, 1953, and pertaining to said accident.

The statement which seems to be the subject matter of the plaintiffs' request was given to the representative of the insurance company on February 26, 1952, and is conceded to be in the possession of the defendant.

The inquiry to be here resolved is whether good cause required by the rule has been established. Alltmont v. U. S., 177 F.2d 971, 975, et seq., certiorari denied 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375.

It is the contention of the plaintiffs that the examination of this statement is necessary for the proper presentation of their case, in that not only are possible witnesses named therein, but that such contains information which will assist the plaintiffs in identifying and locating other witnesses to the accident whom the plaintiffs desire to produce but whose identity and location are not now known to them. Additionally, it is claimed that the statement was not written by the plaintiffs but by the agent, and that Elizabeth M. Bixler signed at the time when she was not represented by counsel and no copy was supplied to her. It is further urged, as a ground for the production of this document, that counsel should be permitted to examine it to assure that the manner of expression employed is not capable of double interpretation or that some stratagem was not utilized in the phraseology of the draft; also, that the statement would contain information as to when the plaintiffs first made a claim, and that this would be relevant to show that the plaintiffs had promptly asserted a claim which they considered valid.

No unusual circumstances such as fraudulent or overreaching methods or the disability of the plaintiffs are here present. The statement was taken almost four months subsequent to the accident, and there is no suggestion that the plaintiffs were imposed upon or de-

ceived in any manner. Moreover, while it is possible, although not convincing, that the plaintiffs cannot remember the names of any witnesses which it is suggested were furnished to the insurer's representative, there are other methods available under our procedure to obtain this information.

There is no present urgency for a search for ambiguities in the statement, and if any there are, such may be explained at trial upon confrontation. Safeway Stores, Inc. v. Reynolds, 85 U.S. App.D.C. 194, 176 F.2d 476; Hudalla v. Chicago, M., S. P. & P. R. Co., D.C., 10 F.R.D. 363.

There has been no showing that plaintiffs' request (2) should be allowed.

"The rule contemplates an exercise of judgment by the court, not a mere automatic granting of a motion. The court's judgment is to be moved by a demonstration by the moving party of its need, for the purposes of the trial, of the document or paper sought." Martin v. Capital Transit Co., 83 U.S. App.D.C. 239, 170 F.2d 811, 812. None of the reasons offered in support of the motion warrant the grant prayed for as I am not satisfied that good cause has been shown.

The motion is denied.