Caler SHUPE

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation.

Civ. A. No. 13452.

United States District Court
W. D. Pennsylvania.

May 8, 1956.

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

Plaintiff filed a motion under Rule 34 of the Federal Rules of Civil Procedure,

---

28 U.S.C., seeking to obtain a copy of his own statement given to a claim agent of the defendant apparently before plaintiff had counsel. Plaintiff also seeks to obtain copies of certain medical reports made by a physician who examined plaintiff at defendant's request.

As to his own statement, under the decisions of the United States Court of Appeals for the Third Circuit and which we are bound to follow, the test seems to be whether there are special circumstances which require the production of such statements in order that plaintiff's case might be properly prepared. Alltmont v. United States, 3 Cir., 177 F.2d 971. If there are, the statement should be produced. If not, then it should not be produced.

In support of plaintiff's motion to obtain a copy of the statement he made, an affidavit was filed. However, it merely recites that the statement is in possession, custody, and control of the defendant, and that it contains information relative to the issues involved. The proposed amendment to Rule 34(b) of the Federal Rules of Civil Procedure would permit a party to obtain a copy of any statement which he has given his adversary without being required to show good cause. This amendment has not yet been adopted. We, therefore, must determine this motion in accordance with the existing law.

I am in accord with the remarks of the late Judge Bard when he said:

"I am a bit confused to what the plaintiff is entitled. According to the Alltmont decision, he is entitled to learn all the facts locked in the statement, but he is not entitled to the statement itself or to have a resume of it. It does seem to me that it was pretty sound reasoning for Judge Kirkpatrick to say 'Since you are entitled to all the information that is in that statement, the best way to get the accurate information is to have the statement itself.'" The Practical Operation of Federal Discovery, 12 F.R.D. 131, 159.

While some courts have permitted an automatic granting of a motion such as the one made here, we are of the opinion that the majority of the well-reasoned decisions require at the present time a showing of good cause when a party seeks the production of documents under Rule 34. This would include a statement given to a claim agent of the defendant by the plaintiff. Good cause is not an idle phrase and Rule 34 at the present time does not contemplate a mere automatic granting of the motion. Safeway Stores v. Reynolds, 1949, 85 U.S.App.D.C. 194, 176 F. 2d 476. See also Raudenbush v. Reading Co., D.C.E.D.Pa.1950, 9 F.R.D. 670.

The affidavit in this case does not meet these requirements. It seeks a mere automatic production of the statements by the mere fact of their being taken.

However, in respect to the request for the production of medical reports, it appears that plaintiff is entitled to inspect and receive a copy of any report of a physician to which he submitted to an examination at defendant's request. Rule 35, Federal Rules of Civil Procedure.

Therefore, it is Ordered and Directed that defendant, Pennsylvania Railroad Company, furnish plaintiff with a copy of the medical report submitted to them by Dr. W. M. McNaugher.

It is Ordered and Directed that the motion for production of plaintiff's statement be denied without prejudice to plaintiff's right to file another motion for production of the statement if he has good cause and if same can be shown.