**112**

Willie **TAYLOR**, Plaintiff,

v.

The **CENTRAL RAILROAD COMPANY OF NEW JERSEY**, Defendant.

United States District Court
S. D. New York.

July 9, 1957.

David G. Oringer, New York City, for plaintiff.

Vincent E. McGowan, New York City, for defendant.

CASHIN, District Judge.

This is a motion by plaintiff for reargument of plaintiff's opposition to defendant's objections to interrogatories. The action is for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The plaintiff seeks to obtain by the interrogatories objected to the following:—

(a)  Reports containing two separate accidents which plaintiff suffered;

(b)  Statements of fellow employees of plaintiff which defendant might have obtained concerning the accidents; and

(c)  Statements which defendant obtained from plaintiff following the accidents.

At the outset it must be considered whether it is proper to request copies of documents from an adverse party, such as those listed above, by interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S. C.A., or whether Rule 34 provides the proper relief.  Plaintiff relies on the cases of De Bruce v. Pennsylvania Railroad Co.[1] and Nedimyer v. Pennsylvania

1.  D.C.E.D.Pa.1947, 6  F.R.D.  403.

R. R. Co.[2]  His reliance on those cases is misplaced since the holdings of those cases were expressly overruled by the Court of Appeals for the Third Circuit in the case of Alltmont v. United States.[3] This last case precisely considered the problem and held that production of statements in possession of an adverse party can be obtained only under Rule 34 upon a showing of good cause.[4]

■  Despite the procedural defect of plaintiff's request, I will consider whether any showing of good cause has been made either in the memorandum of law submitted with plaintiff's original opposition or the affidavit of plaintiff's trial attorney submitted on this motion. No showing whatsoever has been made that the persons who prepared the accident reports or who gave the statements are unavailable to plaintiff or that he has made any effort to obtain the desired information from those persons, by either interview or deposition. The accident reports and the statements of fellow employees need not, therefore, be produced.[5]

It has been held that statements taken at or about the time of the accident or accidents in issue are unique because of their spontaneous nature and thus available from an adverse party without further showing of good cause.[6] No showing has been made, however, that this unique situation exists.

■  Nor has good cause been shown for the production of plaintiff's own statements. There is no allegation that plaintiff does not recall the facts of the accidents or that he was under any disability when the statements were taken. Absent such circumstances, good cause does not exist.[7]

2.  D.C.E.D.Pa.1946, 6 F.R.D. 21.

3.  1949, 177 F.2d 971.

4.  See also 4 Moore's Federal Practice (2d Ed.) § 33.22 at pp. 2322–2326.

5.  Alltmont v. United States, supra; and Portman v. American Home Products

On reargument, therefore, I adhere to my original decision and sustain the objections to interrogatory number "4" and so much of interrogatories "8" and "10" as call for the production of copies of statements. The objection to interrogatory "37" is also sustained. It is so ordered.

Corporation, D.C.S.D.N.Y.1949, 9 F.R.D. 613.

6.  Brown v. New York, N. H. & H. R. Co., D.C.S.D.N.Y.1955, 17 F.R.D. 324.

7.  Safeway Stores, Inc., v. Reynolds, 1949, 85 U.S.App.D.C. 194, 176 F.2d 476; and Raudenbush v. Reading Co., D.C.E.D.Pa.1950, 9 F.R.D. 670.