**Julio DINIERO, Plaintiff,**

v.

**UNITED STATES LINES COMPANY, Defendant.**

United States District Court
S. D. New York.
Aug. 6, 1957.

Lee Pressman, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

CASHIN, District Judge.

This is a motion by plaintiff, pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for discovery and inspection.

The action is brought by a seaman under the Jones Act for personal injuries allegedly resulting from unseaworthiness of the vessel upon which he was working, negligence of defendant and failure upon the part of defendant to provide prompt medical care. Plaintiff alleges that he sustained severe injuries to his back as a result of being forced, on numerous occasions, to exert a great deal of pressure in closing a defective valve.

Defendant has consented to some of the requested production so that the items remaining in issue are the following:—

1. All statements and/or affidavits made by the plaintiff, reduced to writing, whether or not signed by the plaintiff, referring to the subject matter of this action.

2. All statements and affidavits taken by the defendant, its agents, servants and/or employees and/or its insurance representatives, prior to the retention of counsel, in the regular course of business, relating to the subject matter of this action.

3. All memoranda, reports and/or other documents relating to the investigation of plaintiff's injury aboard the SS Pioneer Land, made by the vessel's officers and crew, prior to the retention of counsel, in the regular course of business, relating to the subject matter of this action.

4. All memoranda, reports and/or other documents relating to the investigation of plaintiff's injury aboard the SS Pioneer Land, made by the defendant's insurance representatives, prior to the retention of counsel, in the regular course of business, relating to the subject matter of this action.

I do not believe that plaintiff has shown good cause for the production of his own statements or affidavits. There is no allegation made that plaintiff was under any disability when his statements were taken or that there are any circumstances which would show that he has forgotten any of the circumstances surrounding his injury. Absent such a showing, good cause does not exist.[1]

■■■■■ While it might be questionable whether statements or affidavits of fellow servants should be produced when no showing has been made that plaintiff cannot examine them as witnesses on an oral deposition,[2] defendant has not objected to the production of any such statements which were taken before the retention of counsel. Accordingly, their production is ordered. Similarly, the production of memoranda or reports made by the vessel's officers or crew relating to investigation of plaintiff's injury prior to retention of counsel is ordered. However, this production shall not extend to any memoranda or reports made by insurance representatives. No showing whatsoever has been made in the moving papers that such documents would be necessary or useful to plaintiff's preparation for trial. The only purpose which could be served by production of the reports or memoranda made by the insurance representatives would be to provide plaintiff with inferences drawn from the documents ordered herein to be produced, evaluations of the case and like matter. Such information is not evidence nor is it likely to lead to evidence. Its disclosure could only deter rather than advance the expeditious determination of the action.

Settle order on notice.

---

1. Safeway Stores, Inc., v. Reynolds, 1949, 85 U.S.App.D.C. 194; 176 F.2d 476; and Raudenbush v. Reading Co., D.C.E.D. Pa.1950, 9 F.R.D. 670.

2. Alltmont v. United States, 3 Cir., 1949, 177 F.2d 971; and Portman v. American Home Products Corporation, D.C. S.D.N.Y.1949, 9 F.R.D. 613.