WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. R. L. McGINLEY CO.

Civil Action No. 198.

District Court, E. D. at Knoxville, Tennessee.
April 5, 1943.

Jeter S. Ray, Regional Atty., Wage and Hour Division, U. S. Dept. of Labor, and Glenn M. Elliott, Sr. Atty., Wage and Hour Division, U. S. Dept. of Labor, both of Nashville, Tenn., for plaintiff.

Egerton & McAfee, of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

This is before me on motion for the production of documents of the defendant for inspection, copying or photographing.

The defendant moves to strike because the motion (1) comes too late; (2) because plaintiff has on more than one occasion completely examined its records sought now to be re-examined; (3) because the motion is too vague, general and indefinite as to the records sought to be examined, and (4) because said motion calls for records not in existence. The motion to strike is accompanied by an affidavit of R. L. McGinley, president of the defendant company. The motion for production is accompanied by the affidavit of Glenn M. Elliott, one of the attorneys representing plaintiff. This affidavit is to the effect that the attorney believes the defendant to be in possession of the records of its employees as to hours worked and wages paid, as to purchases, receipts, sales and deliveries by the defendant in the operation of its business, and of notices and memoranda to employees, and receipts, settlements, compromises and releases of wage claims of its employees, and of documents and records kept pursuant to orders or regulations of the Interstate Commerce Commission.

At the hearing counsel for the plaintiff assigned as an additional reason for the motion to produce, that certain agents of the plaintiff who had made inspections referred to in the affidavit of R. L. McGinley, president of the defendant Company, were no longer in the employ of the plaintiff, and would not be available as witnesses at the trial of the case.

Since the action of the court in these matters may not be made the subject of review, the citation of authority might become more confusing than helpful, as the underlying facts are essential to an understanding of the court's ruling in a given case, and available time makes a full statement of the underlying facts impractical if not impossible.

■ I have carefully considered the cases discussing the principles involved, and have reached the conclusion that plaintiff is entitled to the benefit to be derived from inspection and from photographing, if necessary, the books, records, memoranda, cards, tickets, logs and schedules now in the possession of the defendant relating to wages, hours and duties of defendant's employees. It would seem that this request is not unreasonable, and would tend to accomplish one of the chief objects sought by Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that is, to simplify and shorten the trial.

As to sections 2 and 3, the affidavit of R. L. McGinley, president of the defendant, would seem to remove the factual situation there sought to be explored as an issue, or at least as a defense, and the motion as to them is denied.

■ As to section 4, production for inspection or for inspection and photographing of any receipts, settlements, compromises and releases executed by defendant's employees, or any of them, in connection with the payment, compromise or settlement of claims of defendant's employees, or any of them, arising under or as a result of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., is granted.

■ Section 5 calls for a general search of the records of the Company not now known to be covered by the provisions of the Fair Labor Standards Act, and, in my opinion, is nothing more than a "fishing expedition." This calls for the production of the books, records, orders, bills of lading, waybills, invoices, statements, contracts, receipts and memoranda, now in the possession of defendant in the operation of its business of purchasing and selling fruit and produce, which show dates, amounts, types and character of purchases, and from whom made and when and how delivered, and the amount paid therefor, and records relating to processing and handling by defendant of any goods purchased and records relating to the sale, delivery and collection therefor by the defendant, including dates, amounts, type and character of sale, payment and delivery, and the name and address of the purchaser since the effective date of the Fair Labor Standards Act, October 24, 1938.

■ Section 6 calls for the records, logs, schedules and reports kept or preserved by defendant for or pursuant to rules, regulations and orders of the Interstate Commerce Commission since October 24, 1938.

This relates to a matter which clearly might become an issue and is sufficiently specific, and is granted.