## SILVETTI v. UNITED STATES et al.
### No. A–17690.

United States District Court
E. D. New York.
Jan. 24, 1949.

Jacob Hirsch, of New York City, for libellant.

Bigham, Englar, Jones & Houston, of New York City (John L. Quinlan, of New York City, of counsel), for respondent-impleaded.

BYERS, District Judge.

This is a motion by libellant for discovery on the part of the impleaded respondent concerning:

(a) Photographs and measurements, presumably concerning hatch No. 5 in which her decedent was employed on December 4, 1944, where he was injured by being struck by falling hatch boards, from which injury he died.

(b) Inspection of "Rough Log and/or Manifest of cargo being stowed" at the time.

(c) Copies "of any and all statements and reports obtained by the Atlantic Stevedoring Company, Inc., its attorneys, or agents, servants and employees * * *, made and obtained prior to the institution of this suit".

(d) "Further that the libellant be provided with a complete list of the employees of the Atlantic Stevedoring Company, Inc., setting forth the names and addresses of each and every employee working at Hold No. 5 at the time and place of the occurrence herein, and designating the exact location upon the vessel of each of the said employees".

The notice is addressed both to respondent, the United States of America, and the respondent-impleaded, the stevedore, and while opposition is confined to the latter, it seems that an order can be made as to both, for reasons peculiar to this case, and to be explained.

It is assumed that, since Admiralty Rule 32, 28 U.S.C.A., applies to "any party", it should be interpreted to include a respondent-impleaded who is clearly a party, although in such a case it could not be sued directly in virtue of the provisions of the Longshoremen's Act, 33 U.S.C.A. § 901 et seq. See Benevento v. United States, 2 Cir., 160 F.2d 487, at page 489.

As to subjects (a) and (b), the required data are covered by pre-trial order in this cause.

As to (c), and conceding that this libellant is in a more favorable position to ask help in proving her case than the decedent himself would have been, were he present and able to testify (Havrisko v. United States et al. D.C., 68 F.Supp. 771, 1946 A.M.C. 1657) it is still necessary that "designated papers" be indicated, and good cause must be shown, before the Court can be in a position to exercise reasonable judgment in disposing of such an application. Kenealy v. Texas Co., D.C., 29 F.Supp. 502, 1940 A.M.C. 296.

The mere affidavit of counsel, to the general effect that he would like to explore his adversary's files, can scarcely meet the requirements of the rule.

As to (d), I think the libellant is entitled to be told, in authoritative form, the names and addresses of the members of the gang of which decedent was a member, and of the foreman or snapper who had them in charge, at the time of the occurrence. With that information, she can learn from them where each was working, and what he saw of the happening, i. e., the dislodgement of the hatch boards, the position of the decedent at the time, and which of the boards struck him.

In passing upon the terms of the pre-trial order, it is observed that the respondent does not state the numbers of the hatch boards which were dislodged, the beams they engaged, and their respective positions athwartship just before they fell; also the beams, if any, which were not in place in this hatch. These details may or may not be important, but if they are, either the respondent, or the respondent-impleaded, knows or can ascertain the precise facts.

It may be a matter of argument upon the trial, whether the hatch boards were adequately rigged in place to withstand a casual impact from a sling which is said to have dislodged them, but in any case the libellant, who was not there, is entitled to know all that can be brought to light on the subject from proctors for the ship, and proctors for the stevedore, alike.

Accordingly, the order to be entered herein is to contain an appropriate provision to cover that aspect of the case.

The motion is denied as to the matters herein designated (a), (b) and (c), and is granted in part as to (d) to the extent indicated.

Settle order.