### VERMILYEA v. CHESAPEAKE & OHIO RY. CO.

No. 1563.

United States District Court
W. D. Michigan, S. D.
March 29, 1951.

256

S. Eldridge Sampliner, Cleveland, Ohio, for plaintiff.

Russell V. Bleccker, Cleveland, Ohio, W. R. Althans, Detroit, Mich., for defendant.

STARR, District Judge.

This action, under the Jones Act, 46 U.S.C.A. § 688, was begun in the District Court for the Northern District of Ohio, Eastern Division, and on the defendant's motion an order was entered transferring it to this district, 28 U.S.C.A. § 1404.

The complaint alleged in substance that on October 16, 1948, while employed as a member of the crew of the defendant's steamship City of Midland No. 41 car ferry, plaintiff sustained certain injuries as a result of defendant's negligence, which injuries required his hospitalization and surgical treatment. He seeks to recover damages which he alleged resulted from such injuries. The defendant answered, denying the charge of negligence and plaintiff's claim for damages.

Preceding the transfer of the case to this district the plaintiff filed motion under Rule 34, as amended, Federal Rules of Civil Procedure, 28 U.S.C.A.; for an order directing the defendant to produce for inspection and copying:

"1. * * * Any statements or reports made by the master, officers and any member of the crew of the vessel with respect to the accident, to include statement of the accident taken on behalf of the underwriters. The defendant is not called upon to produce any statements obtained by its attorneys.

"2. The rough and smooth logs and any other books or records relating to the courses and movement of the vessel and the occurrences on board the vessel relating to the alleged accident.

"3. The medical log, or any other books, papers, doctors' reports, and records pertaining to the diagnosis, care and medical treatment of Charles Emory Vermilyea during the voyage or subsequent voyages, or thereafter.

"4. To permit the plaintiff or his counsel to have and make a discovery and inspection aboard the vessel, particularly where plaintiff sustained his injuries, with a right to take photographs, make measurements, also permitting a surveyor and a photographer to go aboard the vessel for the purpose aforesaid, with notification to plaintiff's attorney as to the location of the vessel and the convenience in boarding the same.

"5. Accurate blue prints or drawings of the vessel, showing where the accident occurred and accurate blue prints or drawings showing the relationship of the situs of the accident to the rest of the vessel."

Preceding the transfer to this district, the plaintiff also filed and served the following written interrogatories to be answered by the defendant, Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A.:

"1. State the full name, capacity, and address of each of the officers and crew members who served aboard the defendant's vessel for the voyage during which plaintiff suffered the injuries · complained of and stated in his complaint.

"2. State which of the officers and crew members mentioned in the preceding interrogatory are still in the employ of the defendant.

"3. Were any log book entries made concerning the accident? If so, in which log or logs do these entries appear?

"4. If the answer to the preceding interrogatory is in the affirmative, please state the following:

"(a) When were the log book entries made?

"(b) By whom were the log book entries made?

"(c) Do the entries state the entire occurrence, and if so, attach to your answer a verified or photostatic copy of the log book entry.

"5. State in full detail the medical treatment and care afforded plaintiff by the defendant for the injuries complained of and suffered by the plaintiff in the instant action, and attach a true copy of all medical reports made to the defendant by defendant's own doctors."

 The defendant has filed a brief in opposition to plaintiff's motion to produce and has also filed objections to plaintiff's interrogatories numbered 1 and 2. Rule 34, as amended provides: "Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters *within the scope of the examination permitted by Rule 26(b)* and which are in his possession, custody, or control".

The above rule must be considered in connection with Rule 26(b) as amended, which provides: "Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. *It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."*

The object of Rule 34 is to make relevant and nonprivileged documents and objects in the possession of one party to an action available to the other party, thereby eliminating strategic surprises and permitting the issues to be simplified and the trial to be expedited. Hickman, Administrator, v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Olson Transp. Co. v. Socony-Vacuum Oil Co., Inc., D.C., 7 F.R.D. 134; Walling v. R. L. McGinley Co., D.C., 4 F.R.D. 149; Leach v. Greif Bros. Cooperage Corporation, D.C., 2 F.R.D., 444; 2 Barron & Holtzoff, Federal Practice and Procedure, page 484, § 791. The rule authorizes a broad sweep of access, inspection, examination, copying, and photographing of documents or objects in the possession of the opposite party. Aside from the question of privilege, relevancy and good cause for the production and examination are the determinative consider-

ations in granting discovery under this rule. Hirshhorn v. Mine Safety Appliances Co., D.C., 8 F.R.D. 11; 2 Barron & Holtzoff, page 487, § 793. The rule vests in the trial court discretion as to whether, and within what limits and under what conditions, production and inspection of documents shall be granted. 4 Moore's Federal Practice, 2d Ed., para. 34.01 et seq.; 2 Barron & Holtzoff, page 526, § 803.

[4] It is clear that the evidence sought to be obtained by paragraphs 1, 2, and 3 of plaintiff's motion is not privileged and will be admissible at the trial of this case on the merits, or that it may lead to the discovery of admissible evidence. Therefore, under Rules 34 and 26(b) the plaintiff is entitled to the production for inspection, copying or photographing, of the reports, logs, books, records, and papers specified in paragraphs 1, 2, and 3 of his motion. Mulligan v. Eastern S. S. Lines, Inc., D.C., 6 F.R.D. 601; Revheim v. Merritt-Chapman & Scott Corporation, D. C., 2 F.R.D. 361; Murphy v. New York & Porto Rico S. S. Co., D.C., 27 F.Supp. 878; 2 Barron & Holtzoff, Federal Practice and Procedure, § 791 et seq.; 4 Moore's Federal Practice, 2d Ed., Chap. 34.

■ In paragraph 4 of his motion plaintiff requests permission to board defendant's vessel to make discovery and inspection thereof, with the right to take photographs and make measurements. His right to such discovery and inspection is clearly established by the court's holding in Mulligan v. Eastern S. S. Lines, Inc., D.C., 6 F.R.D. 601, and Corbett v. Columbia Transp. Co., D.C., 5 F.R.D. 217. See also Gimenes v. New York & Porto Rico S. S. Co., D.C., 37 F.2d 168; Canty v. Great Lakes Transit Corporation, D.C., 2 F.R.D. 156.

■ In paragraph 5 of his motion plaintiff requests production of blue prints or drawings of the vessel showing where the alleged accident occurred. As the court is granting plaintiff the right to board the vessel to make discovery or inspection and to take photographs and make measurements, there is no occasion or necessity for the production of blue prints

or drawings of the vessel. In summary, the court concludes that plaintiff's motion for discovery and production should be granted as to paragraphs 1, 2, 3, and 4, and denied as to paragraph 5.

■ I shall next consider plaintiff's written interrogatories submitted under Rule 33, as amended, and defendant's objections to interrogatories numbered 1 and 2. Like other discovery rules in Federal procedure, Rule 33 is to be given a broad and liberal interpretation to the end that the parties may have full knowledge of the facts and that the issues be clarified and narrowed. 4 Moore's Federal Practice, 2d Ed., page 2260, para. 33.02. Rule 33 was amended in 1946 by the addition of an express statement that "Interrogatories may relate to any matters which can be inquired into under Rule 26(b)," which rule expressly provides that "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." Relevancy is the chief limitation upon the scope of discovery by interrogatories, but the concept of relevancy should be given a liberal interpretation. 4 Moore's Federal Practice, 2d Ed., page 2296, para. 33.15. In Michigan Window Cleaning Co. v. Martino, 6 Cir., 173 F.2d 466, 468, the court said: "Rule 33 of the Federal Rules of Civil Procedure * * * provides for interrogatories and is similar to former Equity Rule 58 which has now been incorporated into the rules in simplified form. It is to be accorded a broad and liberal treatment for 'civil trials in the federal courts no longer need be carried on in the dark.' Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 389, 91 L.Ed. 451. * * * Much has been left to the discretion of the court".

In Aktiebolaget Vargos v. Clark, D.C., 8 F.R.D. 635, 636, Judge Holtzoff said: "In the Federal courts interrogatories serve two distinct purposes: First, to ascertain facts and to procure evidence, or secure information as to where pertinent evidence exists and can be obtained; second, to narrow the issues. * * * The utmost liberality should prevail in allowing a

wide scope to the legitimate use of interrogatories. This course is in the interest of a fair trial, eliminating surprise and achieving substantial justice."

█ Plaintiff's first interrogatory requests the defendant to state the full name, capacity, and address of each of the officers and crew members who served aboard the defendant's vessel for the voyage during which plaintiff sustained his alleged injuries. His second interrogatory requests the defendant to state which of the officers and crew members mentioned in its answer to number 1 are still in defendant's employ. Defendant objects to these two interrogatories on the ground that the plaintiff makes no showing that the information requested is material to the issues raised by the pleadings. In Jensen v. Buckeye S. S. Co., D.C., 2 F.R.D. 411, the court granted the plaintiff the right of discovery and inspection of a list of the names of the crew. In Silvetti v. United States, D.C., 8 F.R.D. 558, 559, in considering the plaintiff's right under Admiralty rule 32, 28 U.S.C.A., which is substantially similar in effect to Civil rule 33, to a complete list of the employees of the respondent the Atlantic Stevedoring Company, the court said: "I think the libellant is entitled to be told, in authoritative form, the names and addresses of the members of the gang of which decedent was a member, and of the foreman or snapper who had them in charge, at the time of the occurrence. With that information, she can learn from them where each was working, and what he saw of the happening, i. e., the dislodgment of the hatch boards, the position of the decedent at the time, and which of the boards struck him."

The defendant cites and relies upon Corbett v. Columbia Transp. Co., D.C., 5 F.R.D. 217, in which the court held that the plaintiff was not entitled to a list of the crew of the defendant's merchant vessel. However, it should be noted that subsequent to the decision in the Corbett case on April 11, 1946, Rule 33 was amended, effective March 19, 1948, to provide that interrogatories may relate to any matters which may be inquired into under Rule 26 (b). This very materially broadened the scope of the permissible inquiry by interrogatories under Rule 33.

It is obvious that by interrogatories 1 and 2 the plaintiff is endeavoring to learn the names of the crew and officers who saw or had knowledge of his alleged accident. Answering these two interrogatories will impose no great expense or inconvenience on the defendant. The furnishing of the names of the crew members and officers may reasonably be expected to lead to the discovery of evidence relating to the plaintiff's alleged accident. Therefore, the court overrules defendant's objections to interrogatories numbered 1 and 2. No objection has been filed to interrogatories numbered 3, 4, and 5.

An order will be entered granting the plaintiff's motion as to paragraphs 1, 2, 3, and 4 thereof, but denying it as to paragraph 5. An order will also be entered approving plaintiff's interrogatories numbered 1 to 5, both inclusive, and overruling defendant's objections to interrogatories numbered 1 and 2. The order will provide that defendant answer the interrogatories within 30 days from this date. No costs are allowed.