Letha **HELVERSON**, Plaintiff,

v.

**J. J. NEWBERRY COMPANY**, a corporation, Defendant.

No. 1052.

United States District Court, W. D. Missouri, Southwestern Division.

Nov. 12, 1954.

Loyd C. Roberts of Thompson & Roberts, Joplin, Mo., Henry Warten of Norman, Foulke & Warten, Joplin, Mo., for plaintiff.

Karl Blanchard of Seiler, Blanchard & Van Fleet, Joplin, Mo., for defendant.

WHITTAKER, District Judge.

This is an action for damages for a bodily injury, apparently of serious nature, resulting from a fall in defendant's store in Joplin, Missouri, on the 17th day of February, 1953.

It is now before me upon (1) defendant's objections to plaintiff's interrogatories, (2) plaintiff's objections to defendant's interrogatories, and (3) plaintiff's motion for production of documents.

Counsel have very industriously and intelligently briefed and presented these matters. I have read and considered their pleadings, affidavits and exhibits, and their briefs, the cases cited and other authorities, and believe I fully understand the questions presented.

1. As to Defendant's Objections to Plaintiff's Interrogatories, I find that, while awaiting the filing of supplemental and reply briefs on these matters—particularly upon plaintiff's motion for production of documents—defendant has answered each of the fifteen interrogatories submitted by plaintiff—probably because its counsel realized it would have to answer them anyway, and that to do

so immediately would improve its position, and it has improved its position, upon plaintiff's motion for production of documents—, in which, among other things, defendant has set forth the names and addresses of the twenty persons interviewed by it in connection with, and who have knowledge concerning, this occurrence, and from nineteen of whom it, or its agents, have taken written statements. Those interrogatories having now been fully answered by defendant, it follows that defendant's objections thereto are now moot, but, for clarity of the record, are overruled.

2. As to Plaintiff's Objections to Defendant's Interrogatories, I find that defendant has submitted to plaintiff for answer what, with sub-questions, amounts to fifty-eight interrogatories. Plaintiff has objected to eleven of them, namely, numbers 3, 6, 7a, 7c, 7e, 7f, 7g, 7h, 7i, 30 and 31. No. 3 asks "On what date did you employ the law firm of Burden & Shortridge, Joplin, Missouri, to represent you?" In view of the fact that there may be an issue in the case as to when plaintiff was first represented by counsel, I believe this interrogatory is relevant, and that the subject matter could be properly inquired into upon the taking of plaintiff's deposition, under Rule 26(b), Fed.Rules Civ. Proc. 28 U.S.C.A., and the objection is therefore denied. Interrogatory No. 6 asked plaintiff to " * * * state exactly how you lost your footing and fell." I believe this interrogatory calls for evidentiary detail, more properly obtainable through the deposition of the plaintiff upon oral examination under Rule 26 than by interrogatories under Rule 34, and the objection is therefore sustained. Interrogatories numbered 7a, 7c, 7e, 7f, 7g, and 7h, each ask for evidentiary details with respect to the exact location, size and description of the alleged defects in the floor in defendant's store where plaintiff claims to have been caused to fall and be injured. Again, I believe those interrogatories call for such evidentiary details as are not contemplated to be given on interrogatories under Rule 34, but are of the type of evidentiary details to be obtained by deposition under Rule 26, and, therefore, plaintiff's objections to those interrogatories should be, and they are, sustained. But interrogatory 7i, as amended by defendant's brief herein, asks "Were the conditions described in paragraph four (4) of your petition and in interrogatory 7a, above, plainly visible to you on February 17, 1953?" I believe that interrogatory is proper and plaintiff's objection thereto is overruled. Interrogatory 30 asked "Did you have any difficulty in seeing the flooring as you approached the point where you fell?" Because of the scope of the word "approached" I think the interrogatory is too broad and that the objection thereto should be, and it is, sustained. Interrogatory 31 asked "As you approached, and were within one or two steps of, the point where you fell, did you see anything on or about the flooring, which you felt would make it unsafe for you to walk on said flooring?" Again because of the scope of the word "approached" and because of the requested opinion or conclusion inherent in the phrase "which you felt", and because of the detailed evidentiary nature of this interrogatory, I think this interrogatory is too broad, and that the matter could best be covered by deposition under Rule 26, and that, therefore, plaintiff's objection thereto should be, and it is hereby, sustained.

3. Plaintiff's Motion for Production of Documents. This presents the matter of greatest difficulty. Plaintiff asks an order requiring defendant to produce and permit inspection and copying of (a) "any and all written statements obtained by it from witnesses in the course of its investigation of the accident * * * and all photographs, if any, taken by or on behalf of defendant in the course of its investigation of said accident", (b) "any and all written reports of and pertaining to said occurrence made to defendant and/or defendant's agents or insurance carrier prior to the institution

of this action", and (c) "that certain transcript of questions propounded to plaintiff by an agent of defendant or adjuster for its insurance carrier and answers thereto purportedly made by plaintiff while in the hospital awaiting medical attention for her injuries, which said questions and answers were taken down in shorthand by a person known to defendant but unknown to plaintiff."

Counsel for the parties are very competent counsel, and they each recognize that these "statements" and the "transcript" referred to cannot be ordered produced, under Rule 34, absent a showing of "good cause therefor", as that phrase is used in the rule. Industry of counsel has brought to the attention of the court a number of decisions, chiefly by scattered district courts, which set forth the views of those judges upon the matter of whether or not "good cause" has been shown in the particular circumstances considered. Little help, in my view, can be garnered from those cases, for, after all, any consideration of the question has to get back to the holding of, and principles announced in, the Supreme Court's opinion in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. The real issue is: What constitutes "good cause", within the meaning of Rule 34? The Supreme Court, in Hickman v. Taylor, after pointing out, 329 U.S. at page 497, 67 S.Ct. at page 387, the "safeguards [which] have been established to preclude unwarranted excursions into the privacy of a man's work" held, 329 U.S. at page 508, 67 S. Ct. 385, that the statements taken by an attorney for his client, and even his briefs, memoranda and other writings, prepared even for his own use, are not "privileged", but the court said, however, 329 U.S. at page 509, 67 S.Ct. at page 392: "We are thus dealing with an attempt to secure the production of written statements * * * without any showing of *necessity* [emphasis mine] or any indication or claim that denial of such production would *unduly* [emphasis mine] prejudice the preparation of peti-

tioner's case or cause him any hardship or injustice. For aught that appears, the essence of what petitioner seeks either has been revealed to him already through the interrogatories *or is readily available to him direct from the witnesses for the asking.*" (Emphasis mine.) And the court held that the district court had ordered production without, 329 U.S. at page 509, 67 S.Ct. at page 393, "a proper showing, of the *necessity* [emphasis mine] * * * or any demonstration that denial of production would cause hardship or injustice * * *"; that "neither Rule 26 nor any other rule dealing with discovery contemplates production under such circumstances." The court continued, 329 U.S. at page 511, 67 S.Ct. at page 394, "We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery *in all cases.*" (Emphasis mine.) And the court pointed out, 329 U.S. at page 511, 67 S.Ct. at page 394, "*Production might be justified where the witnesses are no longer available or can be reached only with difficulty.*"

■ The conclusion is inescapable from this language that the words "good cause", as used in Rule 34, are held by the Supreme Court to mean "necessity" or something bordering thereon, in order to avoid "undue" prejudice. And that, in a case like this, to repeat the words of the Supreme Court "production [of such written statements] might be justified where the witnesses are no longer available or can be reached only with difficulty."

■ From this it has to follow that "good cause"—that is to say "necessity" to avoid "undue" prejudice—for the production by an adversary of the statements he has taken from witnesses, is not shown where it appears that the witnesses are still available and can be reached without difficulty. Note the language of the majority opinion, 329 U.S. at page 509, 67 S.Ct. at page 393, saying from aught that appears the infor-

mation contained in the statements "is readily available to him direct from the witnesses for the asking." Note, too, the language of the separate concurring opinion of Justice Jackson, joined in by Justice Frankfurter, 329 U.S. on page 518, 67 S.Ct. on page 397, saying: "Having been supplied the names of the witnesses, petitioner's lawyer gives no reason why he cannot interview them himself." Note, too, that in that concurring opinion Justices Jackson and Frankfurter say, 329 U.S. at page 519, 67 S.Ct. at page 397, that "Such statements are not evidence". Note, also, that Rule 34 only authorizes orders production of documents which "contain evidence."

I am also impressed by the opinion of the Third Circuit,—the circuit from which the Hickman-Taylor case arose,—in the case of Alltmont v. United States, 177 F.2d 971. There the district court had ordered production of statements without any showing of "good cause". The Third Circuit reversed for error in that holding, and then said, addressed to the point of interest to us here, 177 F.2d at page 978, that "good cause" means "special circumstances * * * essential to the preparation of their cases," and then the court, although telling the district court to "exercise its judgment as to whether the libellants have shown good cause," quite pointedly indicates to the district judge what his judgment ought to be, by saying, 177 F. 2d at pages 978, 979, "Since the libellants have been furnished, through the respondent's answers to the interrogatories, with the names and addresses of the persons who made the statements in question and, therefore, may well be in the opinion of the District Court in a position to interview them themselves without due burden or delay, if they have not already done so, *it is quite possible that the libellants will be unable to show such special circumstances in this case as would justify production of the statements in question."*

Now what is the showing here upon the question of "good cause" for the production of these statements? Plaintiff has attached her affidavit. The gist of which is that she was immediately hospitalized after this accident and injury, and continued so to be for a long time; that meanwhile defendant and its agents took statements from the witnesses; that plaintiff "at said time" was not represented by counsel and was unable to conduct an investigation of the accident; that she had been assured by defendant that her medical expense would be paid by defendant, and was led to believe that she would be compensated for her injury without suit; that she now finds it necessary to sue and to assemble her proof at this late day; that it is the custom and practice of defendant to make investigations of accidents and take statements of witnesses and make inspections and take photographs of the scene of accidents; that statements now taken by her or her agents from the witnesses would not "necessarily" be identical with those earlier taken by defendant, because recollections would be "dimmed" with reference to details; that the shorthand, question and answer, statement taken from plaintiff by defendant was taken while she was in the hospital awaiting medical attention and in shock and pain and while she was not represented by counsel, and that she needs that statement in order that her "counsel may now be advised of any admissions on the part of the plaintiff, if any, which said transcript may contain." Defendant, on the other hand, attaches an affidavit of one of its counsel, saying that plaintiff had employed a firm of lawyers to represent her in this matter as early as February 19, 1953, and has attached the affidavit of the manager of its Joplin store to substantially the same effect, and has attached a notice of attorney's lien letter dated February 21, 1953, from the law firm of Burden & Shortridge, of Joplin, Missouri, saying that they represent the plaintiff in this matter. Of great im-

portance on this matter is the fact that defendant, in answering plaintiff's interrogatories propounded to it, has given the plaintiff the names and addresses of the twenty witnesses whom·it has interviewed, and from whom (except for one —Dr. DeTarr) it has taken statements, and it appears from that answer that all of those persons reside in Joplin, Missouri, and are accessible to plaintiff.

It therefore appears, to use the words of the Supreme Court in the majority opinion in the Hickman-Taylor case, 329 U.S. at page 509, 67 S.Ct. at page 393, that the information contained in the statements "is readily available to [plaintiff] direct from the witnesses for the asking", and, to use the words of Justices Jackson and Frankfurter in the separate concurring opinion in that case, 329 U.S. at page 518, 67 S.Ct. at page 397, "Having been supplied the names of the witnesses, petitioner's lawyer gives no reason why he cannot interview them himself", and I, therefore, feel that I must conclude that no showing of "good cause"—that is to say of "necessity" to avoid "undue" prejudice, as the term "good cause" is held to mean in the Hickman-Taylor case—has been made for the production of these statements, and, hence, the first clause of numbered paragraph 1 of plaintiff's motion to produce, reading "any and all written statements obtained by it from witnesses in the course of its investigation of the accident wherein plaintiff was injured when she fell in the defendant's store on February 17, 1953", and numbered paragraph 2 of plaintiff's said motion, asking for all written reports pertaining to the occurrence made to defendant or its agents or insurance carrier prior to the institution of the ac-

tion", are improper, in the circumstances here, and defendant's objections thereto should be, and they are hereby, sustained.

I am not unmindful of the fact·that it is shown in plaintiff's brief that, perhaps, the person who took these statements may not have been a lawyer, but that fact could have no bearing upon plaintiff's "need" for the statements nor upon the issue of "good cause". Alltmont v. United States, 177 F.2d 971, 976.

However, I find that the second clause of numbered paragraph 1 of plaintiff's motion to produce, asking for production of "all photographs, if any, taken by or on behalf of the defendant in the course of its investigation of said accident", is proper because it calls for "evidence" in respect of which "good cause" —in the light of the probability that the physical condition of the scene of the accident has meanwhile changed—has been shown, and defendant's objection thereto should be, and is hereby, denied.

This leaves only the matter of whether plaintiff is entitled to production of the question and answer statement taken from the plaintiff while she was in the hospital by defendant or its agents. For all of the reasons stated in the Hickman-Taylor case and more specifically applied to this situation by the United States Court of Appeals for the District of Columbia in Safeway Stores, Inc., v. Reynolds, 85 U.S.App.D.C. 194, 176 F.2d 476, I do not believe that "good cause" for the production of that statement has been shown or that it is "evidence" within the meaning of Rule 34, and, therefore, I believe the law requires that defendant's objection to numbered paragraph 3 of plaintiff's motion to produce must be, and it is hereby, sustained.