Johannes G. BUINING

v.

THE S.S. TRANSPORTER, her Boilers, Engines, Tackles, etc.

Sea Freighters, Inc., a body corporate,

THE S.S. OCEAN CHIEF, her Boilers, Engines, Tackles, etc.

and

Hanover Steamship Company, a body corporate.

No. 4001.

United States District Court
D. Maryland.

March 30, 1959.

See also 171 F.Supp. 127.

John J. O'Connor, Jr., Baltimore, Md., for libellant.

Thomas W. Jamison, III, and Ober, Williams, Grimes & Stinson, Baltimore, Md., for The S.S. Transporter and Sea Freighters, Inc., respondents.

THOMSEN, Chief Judge.

Libellant has filed a motion under Admiralty Rule 32, 28 U.S.C.A. (which is similar to Rule 34, F.R.Civ.P., 28 U.S. C.A.) to require respondents S. S. Transporter and Sea Freighter Corporation, S. A., to produce for inspection and copying by libellant certain documents, papers, etc., alleging that their production is necessary: (a) to enable libellant to properly prepare and present his case; (b) to expedite the trial; (c) to preserve the time of this Court and jury; (d) to narrow the issues.

The documents sought are:

1. A report of the master, made in the ordinary course of business, and 3.4. Liberian articles signed by libellant. Respondents have agreed to produce these items.

2. A "report" from respondents' attorneys to an agent of their client, made in the ordinary course of the attorneys' business, in defending and preparing to defend against libellant's claim. The motion is denied as to this item. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

5.6. Statements of two witnesses obtained by counsel for respondents as part of his preparation for the defense of this claim. Libellant has already taken the depositions of these witnesses. Libellant's motion is denied as to these items for the reasons stated by Judge Aldrich in Margeson v. Boston and Maine Railroad, D.C.D.Mass., 16 F.R.D. 200, 201, 1955 A.M.C. 101, which this court adopts as a statement of its general policy.

"The adoption of the [Federal] Civil Procedure Rules was not a denial of the concept that the court is the forum and the trial the procedure best calculated to uncover the truth. The enthusiasm which greeted the discovery provisions of the Rules when carried, as it has been, to the extent here advocated, that 'the truth should be known before the trial, and nobody be surprised', seems calculated, however, to weaken the efficacy of ordinary trial procedure. There is a vast difference between surprise and unfair surprise. The one is as beneficial as the other is harmful. Not merely may too many rehearsals, in the form of too much discovery, take the bloom off the opening night, but this absence of freshness may make the performance sterile. A certain amount of surprise is often the catalyst which precipitates the truth. Alternatively it may serve as a medium by which the court or jury may gauge the accuracy of the account.

"If every witness consistently told the truth, and none cut his cloth to the wind, little possible harm and much good might come from maximum pretrial disclosure. Experience indicates, however, that there are facile witnesses whose interest in 'knowing the truth before trial' is prompted primarily by a desire to find the most plausible way to defeat the truth. For this, and other reasons, I believe the requirement of good cause for compulsory pretrial production should mean more

than mere relevancy and competency, or ordinary desirability from the standpoint of the movant, and should be something in the nature of special circumstances. Altmont v. United States, 3 Cir., 177 F.2d 971, [1950 A.M.C. 100], certiorari denied 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375, [1950 A.M.C. 1088]; Safeway Stores v. Reynolds, 85 U.S. App.D.C. 194, 176 F.2d 476.

" * * * What are special circumstances will obviously depend on many factors. I propose to allow this discovery with some reluctance, particularly when it does not appear that it will dispose of any issue of truth, and that if any surprises are removed they will be only those minor ones, the absence of which would tend more to promote untruth than a speedier consummation of the hearing. A distinction might well be drawn between eliminating "strategic' surprises, and eliminating those which are merely tactical. Cf. Vermilyea v. Chesapeake and Ohio Ry., D.C., 11 F.R.D. 255, 257, [1951 A.M.C. 1178]. On the other hand, I have no countenance with refusals to permit discovery which are merely postponements of the inevitable, the sole purpose of which is the hope of obtaining a settlement before the opposition realizes the strength of its case. And I shall be the more liberal when the situation indicates, and I am not referring to the personalities involved, that the information obtained will not be abused, either by counsel taking advantage of his opponent's industry to save his own, or by opportunistic witnesses."

See also Helverson v. J. J. Newberry Co., D.C.W.D.Mo., 16 F.R.D. 330, Whittaker, D. J.

7. The statement, similarly obtained, of a witness now living in Rotterdam, Holland, where libellant also now resides. No reason has been shown why libellant or his attorneys cannot secure

any necessary information from this man. The motion is denied as to this item for the reasons stated in Lester v. Isbrandtsen Co., Inc., D.C.S.D.Tex., 10 F.R.D. 338, 1950 A.M.C. 875, 879; Berger v. Central Vermont Ry., Inc., D.C.D. Mass., 8 F.R.D. 419, and Reeves v. Pennsylvania R. Co., D.C.D.Del., 8 F.R.D. 616.

8. Libellant's own statement, similarly obtained. No special circumstances are shown which differentiate this from the statement of any other person having knowledge of relevant facts. The federal rules require a showing of good cause. The motion is denied as to this item for the reasons stated above, and the following additional reasons stated by Judge Connally in Lester v. Isbrandtsen Co., Inc., supra:

"Obviously, production of copy of the plaintiff's own statement, if any, made to the defendants is not for the purpose of giving the plaintiff any information as to the facts. As was admitted in Hickman v. Taylor, plaintiff's counsel here no doubt seeks such copy better to prepare his case for trial; so that he may know what testimony his client heretofore has given, and take care that his testimony at the trial is reasonably consistent therewith. There is no showing that such statement, if any, was procured while the plaintiff was not in full possession of his faculties; nor is any reason given why his present version of the facts should differ from the original. In my opinion, there is no good cause shown for the production of plaintiff's own statement." 10 F.R.D. at page 341, 1950 A.M.C. at pages 879, 880.

See also Helverson v. J. J. Newberry Co., D.C.W.D.Mo., 16 F.R.D. 330; Diniero v. United States Lines Co., D.C.S.D.N.Y., 21 F.R.D. 316; Burns v. Mulder, D.C. E.D.Pa., 20 F.R.D. 605.

I am authorized by Judge Watkins to say that he concurs in the rulings and policies stated herein.