Giuseppe CARUSO, Libellant,

v.

MOORE–McCORMACK LINES, INC., and THE M/S ROBIN HOOD, Claimant-Respondent,

v.

TURNER & BLANCHARD, INC., Respondent-Impleaded.

No. 60–A–322.

United States District Court
E. D. New York.

July 3, 1961.

676

Nicholas Scibilia, Brooklyn, N. Y., for libellant.

Burlingham, Hupper & Kennedy, New York City, for claimant-respondent; Owen B. Walsh, New York City, of counsel.

BARTELS, District Judge.

Cross-motions pursuant to Rule 32 of the Admiralty Rules, 28 U.S.C.A., for the production and inspection of certain witness statements in possession of each party.

In this action predicated upon an accident upon the respondent's vessel while berthed in Brooklyn, the libellant has moved for an order compelling respondent Moore-McCormack Lines, Inc. to produce "Any and all statements obtained by respondent's Claims Department or any other department or investigative agency with respect to the accident to the libellant on May 24, 1958." Not only does the libellant's moving "affidavit" fail to allege "good cause" for production of the statements other than the conclusory statement that "it is absolutely essential and vital to libellant's cause of action that it obtain all of said items * * * ", but the "affidavit" is made by and "Sworn to before" the deponent himself. Consequently, the libellant's purported affidavit is of no import and cannot be considered.

Respondent has moved for production and inspection of the statements of Augie Cataneo, Antonio Di Lauro and Giovanni Adamo, stating that these witnesses have refused to cooperate since the initial interview attempts and have instead directed respondent's investigator to libellant's attorney for particulars, and have otherwise refused to provide statements. The production is opposed on the grounds that the statements constitute the "work product" of proctor for libellant, citing Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and Buining v. The S.S. Transporter, D.C. Md.1959, 171 F.Supp. 465. Neither case will support the proposition that a statement of a witness taken by an attorney is clothed in the mantle of "work prod-

uct"; otherwise statements heretofore taken by agents or investigators would be entitled to the protection of Hickman by the simple process of permitting the attorney to take the statements.

The real issue presented is whether or not good cause has been shown under Rule 32. This means a showing of special circumstances and not relevancy, competency, or desirability. Buining v. The S.S. Transporter, supra. In opposition to the motion libellant's attorney states that "none of the witnesses appeared at my office to advise me of Respondent's attempts to contact them." From this it is inferred that neither libellant nor his attorney instructed the witnesses not to give statements to the respondent. In fact, respondent's attorney in his affidavit does not claim that such instructions had been given to the witnesses or that the witnesses claimed that they had been so instructed. Slusher, Admr. v. Farrell Lines, Inc., D.C. N.Y., 1959 A.M.C. 802, relied upon by respondent, dealt with a case in which the witnesses were allegedly instructed by the defendant not to give any statements to the plaintiff. In that case there was a question whether the affidavits were explicit enough to establish the claim that the defendant had prevented a witness from talking to the plaintiff's attorney and the application was denied with privilege of renewal upon new affidavits. Here no such adverse instructions have been alleged. If by explicit affidavits the respondent can establish that the libellant had directly or indirectly, by instructions or otherwise, prevented the witnesses from giving statements to the respondent, the latter would be entitled to production. See Brookshire v. Pennsylvania R. Co., D.C.Ohio 1953, 14 F.R.D. 154. Until such showing the motion must be denied.

It should be added that even if the witnesses refuse independently without instructions from libellant or his attorney, then a more explicit showing as to the nature of the expected testimony of these witnesses might enable the Court to determine the existence of good cause.

Likewise a showing of failure by the witnesses to remember events which may be included in the statements taken by the libellant or the fact that their prior statements to the libellant were contemporaneous with the accident, would afford justification for disclosure. See Brown v. New York, New Haven & Hartford R. Co., D.C.N.Y.1955, 17 F.R.D. 324.

Libellant's motion is denied and respondent's motion is denied without prejudice to renewal in accordance with this opinion.

Settle order within three days upon one day's notice.