Benjamin RUCKER

v.

CALMAR STEAMSHIP CORPORATION.

No. 293 of 1960.

United States District Court
E. D. Pennsylvania.

Nov. 4, 1960.

Paul M. Goldstein, Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

WOOD, District Judge.

This libel was filed on August 17, 1960, seeking maintenance and cure. On July 25, 1960, Benjamin Rucker voluntarily submitted to a physical examination by Dr. Martin A. Blaker. At that time, Rucker was receiving maintenance and cure from the Calmar Steamship Corporation, and the company requested the physical examination in order to obtain a medical evaluation of Rucker's condition, with a view toward possible amicable settlement of his claim. After the libel was filed, libellant requested from respondent a copy of Dr. Blaker's report of the physical examination of July 25, 1960, and the request was refused. Libellant thereupon filed this motion pursuant to Admiralty Rule 32A(b), 28 U.S. C.A., to compel respondent to furnish libellant a copy of the said report.

Admiralty Rule 32A and Rule 35 of the Rules of Civil Procedure, 28 U.S.C.A., are identical and read, in part, as follows:

"Physical and mental examination of persons"

"(a) Order for examination. In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. * * *

"(b) Report of findings

"(1) If requested by the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings and conclusions * * * "

Respondent contends that subparagraph (b) of Admiralty Rule 32A does not apply to a report of a physician who examined a party at the other party's request *at a time before the libel was filed*. When Dr. Blaker examined Benjamin Rucker, on July 25, 1960, the court had no power to *order* Rucker to submit to such examination under Rule 32A or any other rule; therefore, argues respondent, Dr. Blaker's report of the examination is not the kind of report which must be produced under Rule 32A(b), since subparagraph (b) refers only to reports of examinations *ordered* by the court pursuant to subparagraph (a).

The same question presented here has already been decided adversely to respondent's contention by our colleague Senior Judge Welsh. In the case of Keil et ux. v. Himes, D.C.E.D.Pa.1952, 13 F.R.D. 451, Judge Welsh held that the plaintiff was entitled, under Rule 35 of the Rules of Civil Procedure, to receive from the defendant a copy of the physician's report of a physical examination *made prior to the commencement of the action*. It was there stated:

"Under Fed.Rules Civ.Proc., rule 35(a), 28 U.S.C.A., a plaintiff may be ordered to submit to a medical examination. However, the absence of an order under Rule 35(a) does not defeat his right under Rule 35 (b) to obtain from the party causing the examination to be made a copy of a detailed written report of the examining physician * * *." (At page 452.)

In two other cases, the plaintiff voluntarily submitted to a physical examination by the defendant's doctor, obviating the necessity for a court order. The examination in each case was requested and submitted to *after* the law suit was commenced, but *without* an order of the court. In both cases it was held that the plaintiff was entitled to receive a copy of the examining physician's report from the defendant under Rule 35(b).[1] There is no reason for differentiating between a physical examination made prior to, and one made subsequent to the commencement of a law suit for the purpose of determining whether the party who voluntarily submitted to such examination at the adverse party's request is entitled to receive a copy of the physician's report. In both cases, the report should be furnished by the party in whose behalf it was made to the party who was examined.

For the foregoing reasons, we are entering the following Order:

### Order

And now, to wit, this 4th day of November, 1960, the respondent is hereby Ordered to deliver to the libellant a copy of a detailed written report of the examining physician, Dr. Martin A. Blaker, setting out his findings and conclusions.

[1]. Nedimyer v. Pennsylvania R. R. Co., D. C.E.D.Pa.1946, 6 F.R.D. 21; Shupe v. Pennsylvania R. R. Co., D.C.W.D.Pa. 1956, 19 F.R.D. 144.